Albert B. BENSON et al., Petitioners,

v.

SUPERIOR COURT DEPARTMENT OF the TRIAL COURT OF MASSACHU-SETTS et al., Respondents.

Civ. A. No. 81-101-G.

United States District Court, D. Massachusetts.

Feb. 26, 1981.

Jordan Ring, Ring & Rudnick, Murray Reiser, Reiser & Rosenberg, Boston, Mass., for petitioners.

John J. Bonistalli, Asst. Atty. Gen., Boston, Mass., for respondents.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

The petitioners, Albert B. Benson and Viktor E. Benson, seek a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 and seek declaratory and injunctive relief under 42 U.S.C. § 1983. The essential allegation of the petition is that a state court criminal indictment, No. 024292, for conspiracy to commit arson, would violate their constitutional rights embodied in the double jeopardy clause of the Fifth Amendment. For the reasons discussed below we deny the petitioners' writ and application for an injunction against the pending state criminal prosecution.

The essential facts underlying the petition involve a fire at a five-story commer-

cial building at 101–109 State Street, Boston, Massachusetts, on December 20, 1978. On January 11, 1979 the petitioners were indicted by a Suffolk County grand jury on charges of arson (Indictments Nos. 024294 and 024296), breaking and entering with the intent to commit arson (Indictments Nos. 024293 and 024295), and conspiracy to commit arson (Indictment No. 024292) in connection with the fire. The Commonwealth moved for trial against the petitioners on the substantive counts of arson and breaking and entering, on September 11, 1979. The Commonwealth could not have included in this trial the conspiracy indictment, by virtue of Mass.G.L. c. 278, § 2A, which proscribes the simultaneous trial of a conspiracy indictment with the substantive offense. On September 18, 1979 the jury returned verdicts of not guilty on the two substantive counts.

The petitioners next filed various motions to dismiss the conspiracy indictment in state court based on the doctrine of collateral estoppel and on the United States Supreme Court's decision in *Ashe v. Swenson*, 1970, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. These motions were denied in Superior Court in written memoranda and in August 1980 the petitioners filed in the Supreme Judicial Court, Single Justice Session, an application for leave to take an interlocutory appeal of the denial of their motion to prohibit trial on the conspiracy indictment. On October 3, 1980, after hearing, Justice Kaplan of the Supreme Court denied the petitioners' application without prejudice to the renewal of the contentions in the course of the proceedings. The peti-

tioners are now awaiting trial on the conspiracy indictment.

We begin by noting that this petition is an appropriate case for the assertion of federal jurisdiction. First, it is essential that the petitioners have exhausted their state remedies before we may review the constitutional claim, 28 U.S.C. § 2254(b) and (c). We are satisfied that the Bensons have exhausted their state remedies by virtue of their application to the single justice of the Supreme Court.[1] Once the petitioners have exhausted available state remedies there is no further bar to the assumption of federal jurisdiction, "for the deference owed to the state judicial system demanded by principles of comity and federalism has been paid." *Drayton v. Hayes*, 2 Cir., 1979, 589 F.2d 117, 120. It is especially appropriate to assume jurisdiction to consider the merits of a pretrial writ of habeas corpus where the petitioner claims the trial would place him in double jeopardy in violation of the Constitution. *See Green v. United States*, 1957, 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199.

Second, the doctrine of *Younger v. Harris*, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, by which federal courts abstain from interference with state court criminal proceedings absent extraordinary circumstances, does not prevent review of this claim. In this case a prosecution against the petitioners on the conspiracy indictment, if taken in violation of their right to be free from double jeopardy, would be an exceptional circumstance threatening irreparable injury to the peti-

---

**1.** The respondents assert that the Bensons could raise their double jeopardy claim upon an appeal from a conviction on the conspiracy counts. However, such an appeal would be wholly inadequate to protect the defendants' fifth and fourteenth amendment rights where the trial itself would violate them. *Drayton v. Hayes*, 2 Cir., 1979, 589 F.2d 117, 121.

A second ground is advanced by respondents to support the argument that the petitioners have failed to exhaust state remedies, viz., that the petitioners did not appeal to the full court of the Supreme Judicial Court Justice Kaplan's decision to dismiss their application for leave to take an interlocutory appeal. This failure is

not fatal to habeas corpus review under the circumstances of this case. The substance of petitioner's double jeopardy claim raised in this habeas proceeding has been considered and rejected three times in state court, resulting in two written memoranda of decision. *See Commonwealth v. Benson*, Superior Court No. 024292 (Mass. Dec. 20, 1979) (Hayes, J.) and *Commonwealth v. Benson*, Superior Court No. 024292 (Mass. June 23, 1980) (O'Neil, J.). We accept petitioners' point that the decision of the single justice to deny leave to file an interlocutory appeal is discretionary and, as a practical matter, non-reviewable.

tioners. *See Kugler v. Helfant*, 1975, 421 U.S. 117, 125, 95 S.Ct. 1524, 1531, 44 L.Ed.2d 15, *rehearing denied* 421 U.S. 1017, 95 S.Ct. 2425, 44 L.Ed.2d 686. We therefore proceed to consider the merits of the petitioners' double jeopardy claim.

■ The petitioners do not contend that the conspiracy prosecution is barred because they have already been placed in jeopardy for the same offense. Rather they contend that the doctrine of collateral estoppel precludes their trial on the conspiracy charges. The Supreme Court held the doctrine of collateral estoppel to be a part of the constitutional guarantee against double jeopardy in *Ashe v. Swenson, supra.* This doctrine means that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe, supra,* at 443, 90 S.Ct. at 1194. Collateral estoppel protects criminal defendants from redetermination of evidentiary facts and ultimate facts. *See United States v. Lee*, 5 Cir., 1980, 622 F.2d 787, 789.

■ When a defendant seeks to raise the defense of collateral estoppel to a prosecution, the court must examine the record of the first trial to determine what facts have been or should be deemed to have been determined in the first trial. *United States v. Lee, supra,* at 790. The subsequent prosecution will be precluded only if the jury in the first trial could not have rationally based its verdict on an issue other than the one the defendant seeks to foreclose. *United States v. Smith*, 5 Cir., 1973, 470 F.2d 1299, 1301.

■ Collateral estoppel may have two distinct effects on the subsequent prosecution. First, the subsequent prosecution may be completely barred if one of the facts necessarily determined in the former trial is an essential element to the conviction in the second trial. *See, e. g., Ashe, supra* ; and *United States v. Kramer*, 2 Cir., 1961, 289 F.2d 909. The second effect, and the one we believe to be most applicable in this case, is where the subsequent prosecu-

tion may proceed but collateral estoppel will bar the introduction of particular arguments and facts necessarily established in a prior proceeding. *See United States v. Lee, supra,* at 790; and *United States v. Cioffi*, 2 Cir., 1973, 487 F.2d 492, 498. The issue presented in this case is whether the petitioners' prosecution on the conspiracy indictment is barred because some fact necessarily determined in their favor by the general verdict of acquittal on the substantive counts of arson is an essential element to the conspiracy conviction the Commonwealth seeks.

■ After an extensive review of the record of the trial on the arson and the breaking and entering indictments, we find that it is impossible to determine with certainty precisely what the jury in these prosecutions had decided. According to the petitioners' analysis, the jury verdict was based on a finding that the petitioners had no responsibility whatsoever for the fire at 101–109 State Street. We cannot agree. At the trial the petitioners did not dispute the fact that they were present in the building immediately before the fire erupted, nor that the fire in the building was set. The defense emphasized the facts that a number of other people were present in the building when the fire broke out, that there were many entrances and exits to the building and that no trace of alcohol or fire accelerants was found on the clothing of the petitioners. Therefore the only fact which might be said to be necessarily determined in the petitioners' favor is the issue of the identity of the person or persons who actually set the fire in the building, i. e., that petitioners did not set the fire. Whether or not the petitioners were involved in a conspiracy with other persons on the premises or elsewhere at the time of the fire cannot have been determined by the acquittal in the first trial. Thus the Commonwealth will be foreclosed from claiming or arguing that the petitioners set the fire in the building. However, that alone would not be enough to bar prosecution of the conspiracy indictment since proof of that fact is not essential to the government's successful prosecution of that indictment.

The petition for the writ of habeas corpus and for declaratory injunctive relief is therefore denied.

United States District Court,
E. D. Pennsylvania.