Commonwealth *vs.* Albert B. Benson & another.[1]

Suffolk.  February 8, 1983. — June 15, 1983.

Present: Hennessey, C.J., Wilkins, Liacos, Abrams, & Nolan, JJ.

*Constitutional Law,* Double jeopardy.  *Collateral Estoppel.  Due Process of Law,* Collateral estoppel.  *Conspiracy.  Burning of Property.*

Defendants' acquittal on indictments charging them with arson, and with breaking and entering a building with the intent to commit arson, did not preclude on the ground of collateral estoppel a subsequent trial of the defendants on an indictment charging them with conspiracy to commit arson.  [478-480]

The return of a general verdict of not guilty on indictments charging defendants with arson and breaking and entering a building with the intent to commit arson did not preclude on the ground of collateral estoppel the introduction of evidence, at a subsequent trial of an indictment charging the defendants with conspiracy to commit arson, to create inferences that the defendants set the fire and, therefore, must have participated in an unlawful agreement, inasmuch as the verdict of not guilty may have been rationally based on an issue of ultimate fact other than that the defendants were not in any way responsible for the fire.  [480-482]

At a trial of defendants on an indictment charging them with conspiracy to commit arson, the prosecution would not be precluded on the ground of collateral estoppel from introducing evidence of the arson by the fact that such evidence had been admitted at a previous trial at which the defendants had been acquitted on indictments charging them with arson and breaking and entering with the intent to commit arson involving the same property, where proof of the identity of the persons who set the fire was not necessary to conviction on the conspiracy charge, and where the prosecution had represented that it would offer no evidence to implicate the defendants in the substantive arson offenses.  [480-482]

Indictment found and returned in the Superior Court Department on January 11, 1979.

[1] Viktor E. Benson.

The case was reported by *Lynch*, J., to the Appeals Court. The Supreme Judicial Court ordered direct review on its own initiative.

*Murray P. Reiser* (*Eric H. Karp* with him) for Viktor E. Benson.

*John C. Martland* for Albert B. Benson.

*Martin E. Levin*, Assistant Attorney General, for the Commonwealth.

LIACOS, J. On January 11, 1979, Albert and Viktor Benson were indicted for conspiracy to commit arson. On May 17, 1982, the defendants filed a motion in the Superior Court to dismiss the indictment. They alleged that, having been acquitted previously on the substantive charges of arson and of breaking and entering in the nighttime with the intent to commit arson, the doctrine of collateral estoppel bars the prosecution of the defendants for the crime of conspiracy to commit arson. In the alternative, the defendants allege that the Commonwealth is precluded by the principles of collateral estoppel from relitigating all facts and issues necessarily determined in their favor at the prior trial. See *Ashe* v. *Swenson*, 397 U.S. 436 (1970); *Commonwealth* v. *Lopez*, 383 Mass. 497 (1981). A motion to reserve and report to the Appeals Court the defendants' motion to dismiss the indictment was filed, and was granted by a judge of the Superior Court. Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We transferred the report here on our own motion.[2] The case has been continued for trial pending our decision.

---

[2] The report is of the case, together with the following questions:

"(1) Whether, under the circumstances of this case, the doctrine of collateral estoppel, as embodied in the double jeopardy clause of the Fifth Amendment to the Constitution of the United States, bars the prosecution of the defendants for the crime of conspiracy to commit arson?

"(2) Whether, alternatively, that doctrine bars the relitigation of all facts and issues that were necessarily determined in the defendants' favor at their trial on the indictment charging the substantive crime of arson?

"(3) Given that the only evidence which the Commonwealth can and will adduce at the trial of the defendants on a conspiracy-to-commit-arson indictment is that evidence which the Commonwealth by memorandum

While the defendants correctly state the proposition that the principles of collateral estoppel are embodied in the Fifth Amendment guarantee against double jeopardy, *Ashe* v. *Swenson, supra,* and are therefore enforceable against the Commonwealth through the Fourteenth Amendment, *Benton* v. *Maryland,* 395 U.S. 784 (1969), the defendants have failed to satisfy their burden of showing that collateral estoppel is applicable in these circumstances. *Commonwealth* v. *Lopez, supra.* We therefore conclude that the motion to dismiss the indictment should be denied.

We summarize the facts. On the evening of December 20, 1978, State police observed Albert and Viktor Benson entering an office building in Boston. Shortly after they left the building, it burst into flames. The Bensons were arrested and indicted on identical charges of arson, breaking and entering in the nighttime with the intent to commit arson, and conspiracy to commit arson. The Commonwealth first prosecuted the defendants for the substantive crimes.[3] The jury returned general verdicts acquitting the defendants of the substantive crimes of arson, and breaking and entering with the intent to commit arson.

The Commonwealth subsequently undertook to renew proceedings on the conspiracy indictment. In October, 1979, the defendants filed their first motion to dismiss the conspiracy indictment based on the Commonwealth's acknowledgment that (1) it had no direct evidence of the ex-

---

asserted it will produce, and nothing more, whether such a trial of the defendants, acquitted on substantive arson indictments involving the same property, is now barred by double jeopardy or collateral estoppel principles?"

[3] At the time, the Commonwealth was statutorily prohibited from trying the substantive crimes at the same time it tried the defendants for conspiracy to commit the same substantive offenses. G. L. c. 278, § 2A, repealed by St. 1979, c. 344, § 43. The prohibition found in G. L. c. 278, § 2A, is now found in Mass. R. Crim. P. 9(e), 378 Mass. 859 (1979) (providing, however, that a defendant may move for joinder of the charges).

istence of conspiracy, (2) it had no evidence that a con-
spiracy had occurred on any date other than that of the fire,
and (3) it could not identify any alleged coconspirators other
than the defendants. A Superior Court judge denied the
relief sought by the defendants.

Through later pleadings, filed on March 14, 1980, the
Commonwealth indicated that it intended to introduce
evidence of three other fires and the alleged involvement of
the defendants therein. The defendants, in response, suc-
cessfully moved for an order barring the Commonwealth
from introducing such evidence. The defendants also filed
a motion in limine seeking to preclude the Commonwealth
from relitigating, at the conspiracy trial, all facts and issues
necessarily determined against it by the prior acquittal of
the defendants on the substantive charges. A renewed mo-
tion to dismiss was filed also on the same principles of col-
lateral estoppel. The trial memorandum filed by the Com-
monwealth at the request of the court summarized the
evidence the Commonwealth intends to introduce at the
conspiracy trial.[4] Both motions were denied. Thereafter
the defendants filed an application with a single justice of
this court for leave to file an interlocutory appeal in the
Supreme Judicial Court. After a hearing, the application
was denied without prejudice, allowing the defendants to
renew their contentions during the course of the trial.

The defendants then filed a petition for a writ of habeas
corpus, pursuant to 28 U.S.C. §§ 2241 and 2254 (1976), and
a complaint for declaratory and injunctive relief, pursuant
to 42 U.S.C. § 1983 (1976 & Supp. V 1981), in the United
States District Court for the District of Massachusetts. Both

---

[4] The affidavit filed by the defendants in support of the motion in
limine was treated by the motion judge as a more precise recitation of the
proposed evidence of the Commonwealth. The defendants maintain that
the Commonwealth's trial memorandum, together with the Com-
monwealth's March 14 pleading, which a judge held contained inadmissi-
ble evidence, are the only documents of record suggesting the nature of
the evidence to be introduced by the Commonwealth if it is allowed to
proceed with the conspiracy trial.

remedies sought were grounded on the claim of collateral estoppel. Concluding that the Bensons had exhausted their State remedies, the United States District Court for the District of Massachusetts nevertheless denied the petition for habeas corpus and complaint for injunctive relief, but declared that "the Commonwealth will be foreclosed from claiming or arguing that [the Bensons] set the fire in the building or that they did aid, counsel or procure the burning of the building. However, that alone would not be enough to bar prosecution of the conspiracy indictment . . . ." Amendment of memorandum of decision dated February 26, 1981 (March 6, 1981), for *Benson* v. *Superior Court Dep't of the Trial Court*, 507 F. Supp. 975, 978 (D. Mass. 1981) (hereinafter cited as *Benson I*). On appeal by the defendants of the denial of the writ of habeas corpus, the United States Court of Appeals for the First Circuit vacated in part and affirmed in part the District Court judge's ruling. *Benson* v. *Superior Court Dep't of the Trial Court*, 663 F.2d 335, 359 (1st Cir. 1981) (hereinafter cited as *Benson II*). Affirming the denial of the request for injunctive relief and the writ of habeas corpus, the First Circuit Court of Appeals vacated that part of the District Court judge's decision which foreclosed the Commonwealth from offering specific evidence at the trial on the conspiracy charge, holding that the issue was not ripe because the court did not know how the State would marshal its evidence.[5] *Id.* at 360-361.

The defendants then filed a petition for relief by the Supreme Judicial Court pursuant to its supervisory power. G. L. c. 211, § 3. After a hearing, a single justice continued the action, pending the defendants' filing a motion in the Superior Court to reserve and report a motion to dismiss. On May 17, 1982, the defendants filed with the Superior Court the motion to dismiss now before us. It is this motion which is here on the reservation and report.

---

[5] The denial of the writ of habeas corpus was affirmed because of the view of the Court of Appeals that the defendants had not exhausted their State remedies.

The parties argue a variety of legal issues. We consider only those dispositive of the report. Collateral estoppel is an established rule of criminal law. See *Ashe* v. *Swenson,* 397 U.S. 436 (1970); *Commonwealth* v. *Lopez,* 383 Mass. 497 (1981). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe* v. *Swenson, supra* at 443. See *Commonwealth* v. *Scala,* 380 Mass. 500, 503 (1980). The doctrine of collateral estoppel may work in two ways. First, it may bar totally a subsequent prosecution if one of the issues necessarily decided at the first trial is an essential element of the alleged crime in the second trial. Second, even if a prosecutor may proceed to a second trial, the doctrine may bar the introduction of certain facts determined in the defendant's favor at the first trial. See *United States* v. *Lee,* 622 F.2d 787, 790 (5th Cir. 1980). The doctrine of collateral estoppel will preclude either the subsequent prosecution or the introduction or argument of certain facts, only if the jury could not have based their verdict rationally on an issue other than the one the defendant seeks to foreclose. See *Ashe* v. *Swenson, supra* at 444. Whenever the doctrine of collateral estoppel is raised by a defendant, the task of the court is to decide exactly what issues were, or should have been, determined at the first trial.[6] See *Sealfon* v. *United States,* 332 U.S. 575, 578-579 (1948). Such inquiry must be conducted in a realistic and practical manner by reviewing the proceedings as a whole. See *Ashe* v. *Swenson, supra.*

We first consider whether the acquittal of the defendants on the substantive charges of arson, and breaking and enter-

---

[6] See *Commonwealth* v. *Lopez,* 383 Mass. 497, 499 (1981) (court must look for concurrence of [1] a common factual issue, [2] prior determination of that issue, and [3] determination of that issue in favor of the party raising collateral estoppel). In addition, the doctrine of collateral estoppel only applies in a criminal case where there is mutuality of the parties. See *Commonwealth* v. *Cerveny,* 387 Mass. 280, 284-285 (1982). There is no question that the defendants have satisfied the last requirement.

ing with the intent to commit arson, bars completely the prosecution for a conspiracy to commit arson. We conclude that the subsequent prosecution for conspiracy is not barred.

It long has been settled that "[a] 'substantive offence and a conspiracy to commit that offence' each constitute a 'distinct offence and each may be separately punished.'" *Commonwealth* v. *French*, 357 Mass. 356, 393 (1970), judgments vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972), quoting *Commonwealth* v. *Stasiun*, 349 Mass. 38, 48 (1965). See *Commonwealth* v. *Gallarelli*, 372 Mass. 573, 576-577 (1977); *Commonwealth* v. *Shea*, 323 Mass. 406, 411 (1948); *Sealfon* v. *United States*, supra at 578. The judge at the first trial properly instructed the jury as to the elements of arson. He stated: "Whoever willfully and maliciously sets fire to, burns or causes to be burned or whoever aids, causes or procures the burning of a building, whether the same is the property of his or others, whether occupied, unoccupied or vacant, shall be guilty of . . . arson." See G. L. c. 266, § 2; *Commonwealth* v. *Niziolek*, 380 Mass. 513, 526 (1980). The elements of conspiracy are "a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose . . . . [T]he unlawful agreement constitutes the gist of the offence, and therefore . . . it is not necessary to charge the execution of the unlawful agreement." *Commonwealth* v. *Dyer*, 243 Mass. 472, 483 (1922), quoting *Commonwealth* v. *Hunt*, 4 Met. 111, 123-125 (1842). Contrary to the contentions of the defendants, the language of the arson statute, "causes," "aids," "counsels," or "procures," does not incorporate an unlawful agreement. Such wording relates only to an element of joint venture. See *Commonwealth* v. *Stasiun*, supra at 48-49; *Benson II*, supra at 360 n.1. Criminal culpability for a substantive offense on the theory of a joint venture is based on elements distinct from those involved in proof of a conspiracy. The unlawful agreement to commit arson, which the Commonwealth is required to prove beyond a reason-

able doubt in the instant case, was not an element required
to be proved in the first trial. Conspiracy to commit a sub-
stantive offense constitutes an offense distinct from the sub-
stantive offense and may be separately punished. *Com-
monwealth* v. *French, supra.* Subsequent prosecution on
charges of conspiracy after acquittal of the substantive of-
fense does not implicate the doctrine of collateral estoppel.
Cf. *Commonwealth* v. *Gallarelli, supra.*

We next consider whether the introduction of evidence to
create inferences that the defendants set the fire, or aided,
caused, counseled, or procured the burning of the building
is barred because such evidence relates to facts which were
necessarily determined in the Bensons' favor by the general
verdict of not guilty of the substantive charges of arson, but
which the Commonwealth would have to prove for a con-
spiracy conviction. We conclude that there is no bar to
such evidence.[7]

Although the Commonwealth has admitted that it has no
direct evidence of a conspiracy, its trial memorandum in-
dicates that it intends to prove the charge by circumstantial
evidence. Such a method of proof is generally consistent
with accepted practice. See *Attorney Gen.* v. *Tufts,* 239
Mass. 458, 494 (1921). The defendants contend that the
Commonwealth does not have sufficient evidence to prove
an illegal agreement if it cannot relitigate evidence creating
the inference that the defendants set the fire and therefore
must have participated in an unlawful agreement. The de-
fendants contend that the verdict acquitting them necessari-
ly determined that the defendants were not responsible in
any way for burning the building. They cite *United States*
v. *Kramer,* 289 F.2d 909 (2d Cir. 1961), and claim that the
Commonwealth "may not prove the new charge by assert-

---

[7] On this point, we note that both the District Court judge and the
Court of Appeals reached the same conclusion. See *Benson I,* 507 F.
Supp. 975, 978-979 (D. Mass. 1981); *Benson II,* 663 F.2d 355, 360-361
(1st Cir. 1981).

ing facts necessarily determined against it on the first trial, no matter how unreasonable the Government may consider that determination to be." *Id.* at 916.

The defendants, however, have failed to recognize the "difficulties often encountered with respect to a general verdict of 'not guilty.'"[8] *Id.* at 913. The defendants' reliance on *United States* v. *Kramer, supra,* is misplaced. "*Kramer* was the rare case where it was possible to determine with certainty what the jury in the earlier prosecution had decided." *United States* v. *Cioffi,* 487 F.2d 492, 498 (2d Cir. 1973). "A finding of not guilty at a criminal trial can result from any number of factors having nothing to do with the defendant's actual guilt." *Commonwealth* v. *Cerveny,* 387 Mass. 280, 285 (1982). In accordance with the trial judge's instructions, the jury may have acquitted the Bensons because they concluded that the fire was not set or because they concluded that there was no active participation by the defendants with the person who set the fire.[9] Since the jury may have reached its decision rationally on some issue of ultimate fact other than that the defendants were not in any way responsible for the fire, the defendants have not met their burden of proving that this fact was necessarily determined by virtue of the general verdict of acquittal. "It is not significant that, in proving the conspiracy, the Commonwealth also presented evidence of overt acts by each of the defendants which tended to prove the substantive offense." *Commonwealth* v. *Gallarelli, supra* at 577.

The principles of collateral estoppel are inapplicable to the evidentiary facts of the prior trial because of the tenuous and speculative relationship between the result in the prior

[8] One commentator has described the examination of the previous prosecution to determine the issue on which a rational jury based its verdict as the "doctrine of 'reasonable speculation.'" Note, Twice in Jeopardy, 75 Yale L.J. 267, 284-285 (1965).

[9] We note that the Commonwealth represents in its brief that it will not seek to prove that the defendants set the fire and will ask that the jury be told of the acquittal of the defendants on the substantive charges. Such a charge may be appropriate, if the defendants assent.

proceeding and the evidence proposed to be presented in the subsequent prosecution.

The answers to the questions reported are: (1) "No"; (2) "No"; (3) "No." The case is to stand for trial.