COMMONWEALTH *vs.* CHRISTINE CANNAVO. August 25, 1983. *Practice, Criminal,* Discovery, Double jeopardy. *Evidence,* Common criminal enterprise. *Constitutional Law,* Double jeopardy. *Collateral Estoppel.*

The defendant was convicted of removing or concealing her 1977 Oldsmobile Cutlass automobile with intent to defraud an insurer (G. L. c. 266, § 27A) and has appealed. The case was tried on a theory of a joint venture with two others: John Brant and a Jonathan Jodoin. We affirm.

1. There is no merit to the claim that the Commonwealth failed to furnish the defendant with statements of witnesses, particularly those of Brant, the principal witness for the Commonwealth. An undisclosed statement of Brant gives rise to this claim of error. The record discloses that prior to trial the Commonwealth gave all of the information it had to the defendant. Except for one instance, Brant's attorney had refused to permit his client to be interviewed until the morning of trial at which time he was interviewed by the prosecutor. It was at this interview that the prosecution learned that Brant would give testimony which had not been disclosed. That expected testimony was properly reported to the judge and defendant's counsel at a bench conference. The prosecutor's explanation of the circumstances why it was not disclosed earlier was accepted by the judge, who then afforded the defendant an opportunity at a recess to interview Brant. Court was then adjourned for the day, and the proceedings did not resume until noon on the following day. There is no showing that any exculpatory evidence was withheld from the defendant or that the defendant was in any way prejudiced by the late disclosure. See *Commonwealth* v. *Gilbert,* 377 Mass. 887, 895-896 (1979); *Commonwealth* v. *Wilson,* 381 Mass. 90, 107-113 (1980); *Commonwealth* v. *Cundriff,* 382 Mass. 137, 150-151 (1980); *Commonwealth* v. *Redding,* 382 Mass. 154, 155-157 (1980); *Commonwealth* v. *Baldwin,* 385 Mass. 165, 173-175 (1982).

2. The defendant also contends that there was more which the prosecutor could have done to ensure that justice would be done. See *Commonwealth* v. *Wilson, supra* at 109. It appears from defense counsel's argument on this point that he would require of the prosecutor at

least the "prosecutorial clairvoyance" mentioned in *Wilson, supra* at 109. We note that, in his motion for a new trial and in his brief, defendant's counsel has offered nothing more than speculation of what further efforts by the prosecution might have brought forth. This contention is without merit.

3. The defendant argues that certain hearsay statements by the witnesses Brant and Jodoin were erroneously admitted in evidence. The real issue here is not the hearsay nature of the statements but whether the witnesses and the defendant were joint venturers in the burning of the defendant's car to obtain the proceeds of an insurance policy. A finding that they were such venturers was amply warranted by the evidence. "[W]here there is proof . . . that two or more persons are engaged in a common criminal enterprise, the acts and declarations of one, during the enterprise and in furtherance of it, affect all." *Commonwealth* v. *Pleasant,* 366 Mass. 100, 103 (1974), quoting *Commonwealth* v. *Chapman,* 345 Mass. 251, 255 (1962). A finding that the statements objected to had been made during and in furtherance of the enterprise was warranted on the evidence, and they were admissible against the defendant. *Commonwealth* v. *Pleasant, supra* at 104.[1] Other than to raise questions as to the credibility of Brant and Jodoin, which was for the jury and not for us, the defendant argues, briefly and without citation, that to admit testimony based on joint venture would be to put her "in jeopardy for the same crime." The defendant had earlier been acquitted on an indictment which in essence charged that she conspired with Brant and Jodoin to commit the substantive offense concerned in the present appeal. The law is well settled on this point. The conspiracy charge required proof of an agreement and the substantive charge did not. The substantive charge required proof of the commission of the offense. The trial on the second offense was not barred by reason of double jeopardy. *Commonwealth* v. *French,* 357 Mass. 356, 393 (1970). *Commonwealth* v. *Gallarelli,* 372 Mass. 573, 577 (1977).

4. The Commonwealth suggests that the defendant's preceding argument appears, inferentially, to be grounded on collateral estoppel rather than on jeopardy. Assuming, however, that this may be so, we have examined the portion of the record of the conspiracy trial which is included in the supplemental appendix filed by the Commonwealth. That case appears to have started as a jury trial, but how far it progressed or what evidence was introduced is not shown by that record. It does appear that Brant and the defendant were being tried together when Brant changed his plea to guilty. The defendant's attorney then told the judge in that trial that he had filed a waiver of jury. It was also indicated that Jodoin

---

[1] It appears that the statements were admitted "de bene." No motion to strike was made. See *Commonwealth* v. *Borans,* 379 Mass. 117, 145 n.26 (1979). In our view of the evidence such a motion (or one for mistrial) would have been futile in any event.

would plead guilty although he was not then on trial. Brant's guilty plea was found voluntary and was accepted. The judge then found the present defendant not guilty and indicated that while it was more likely than not that she was involved in the crime and had received all of the money he was not satisfied, as it was a criminal case, that the required burden of proof had been met. The defendant has made no showing here that any issue of fact testified to in the present case was foreclosed by that very general finding. See *Commonwealth* v. *Cerveny,* 387 Mass. 280, 285-286 (1982); *Commonwealth* v. *Benson,* 389 Mass. 473, 481-482 (1983); *Commonwealth* v. *Shagoury,* 6 Mass. App. Ct. 584, 589-590 (1978), and cases there cited. "The principles of collateral estoppel are inapplicable to the evidentiary facts of the prior trial because of the tenuous and speculative relationship between the result in the prior proceeding and the evidence proposed to be presented in the subsequent prosecution." *Benson, supra* at 481-482.

*Judgment affirmed.*

*Patricia O. Ellis,* Assistant District Attorney, for the Commonwealth.
*Kenneth L. Sullivan,* for the defendant, submitted a brief.