COMMONWEALTH *vs.* ANTHONY J. DeCILLIS.

No. 95-P-703.

Worcester. March 8, 1996. - September 18, 1996.

Present: ARMSTRONG, KAPLAN, & GILLERMAN, JJ.

*Conspiracy. Joint Enterprise. Collateral Estoppel. Practice, Criminal,* Verdict.

A Superior Court judge erred in dismissing indictments for substantive of-
fenses to be tried on a joint venture theory on the ground that the
defendant's acquittal on conspiracy offenses arising out of the same two
incidents barred further prosecution, where the shared purpose of joint
venturers was not the same as the element of prior agreement necessary
to a conspiracy; thus the classes of offense were separate and distinct
and· may properly be separately punished. [313-316]

INDICTMENTS found and returned in the Superior Court
Department on April 13, 1993.

The indictments charging conspiracy were tried before
*James P. Donohue,* J., and a motion to dismiss six additional
indictments charging substantive offenses was heard by *Isaac
Borenstein,* J.

*William E. Loughlin,* Assistant District Attorney, for the
Commonwealth.

*Harry D. Quick, III,* for the defendant.

ARMSTRONG, J. The defendant was charged in thirteen
indictments that arose from two incidents in March, 1993:
the first incident being an attempt to blow up the State Police
crime prevention and control unit in Auburn, by breaking a
window and placing a bomb inside the office; and the second
involving the throwing of live hand grenades in Grafton. The
record suggests that the bomb may have been intended to de-
stroy evidence to be used against the defendant's brother in
an upcoming trial; that the bomb consisted of a container of
gasoline and a grenade which was intended to explode, so as
to spread the gasoline and ignite it; and that the· Grafton

incident involved an attempt to destroy the remaining grenades after the first one failed to explode. Eight of the indictments were for substantive offenses,[1] and five were for conspiracy.[2]

The Commonwealth elected to try the conspiracy offenses first, and a jury acquitted the defendant. His counsel then moved to dismiss six of the substantive offense indictments on the ground of collateral estoppel.[3] The motion was allowed by a judge other than the judge who conducted the conspiracy trial. At a hearing on the Commonwealth's motion for reconsideration, the prosecutor acknowledged that the Commonwealth would offer the same evidence at the second trial that it had relied on at the conspiracy trial, all of which was evidence of the defendant's actual participation in the commission of the failed attempt to blow up the State Police facility. The Commonwealth also acknowledged that it would be depending on a joint venture theory to convict the defendant, as the Commonwealth had insufficient evidence as to which of the participants actually broke the window and placed the bomb inside. In allowing the motion to dismiss, the judge reasoned that the shared intent and concerted acts that the Commonwealth would ask the jury to infer had necessarily been rejected by the jury in the conspiracy case, which, on identical evidence, had found no conspiracy. Given the Commonwealth's concession that it must rely on joint venture liability, the judge ordered the six substantive indictments dismissed on the ground that the verdicts of acquittal on the

[1]Wilfully throwing or placing an explosive with intent to destroy or damage property (G. L. c. 266, § 102), indictment nos. 93-0254-2 and 93-0254-3); possession of an infernal device (G. L. c. 266, § 102A) (no. 93-0254-4); unlawful damage to person or property by explosion (G. L. c. 266, § 101) (nos. 93-0254-5 and 93-0254-6); malicious destruction of property over $250 (G. L. c. 266, § 127) (no. 93-0254-7); attempted arson (G. L. c. 266, § 5A) (no. 93-0254-8); and breaking and entering a building in the nighttime with intent to commit a felony (G. L. c. 266, § 16) (no. 93-0254-9).

[2]Conspiracy to throw or place an explosive with intent to destroy or damage property (nos. 94-0254-10 and 94-0254-11); conspiracy to commit arson (no. 93-0254-12); conspiracy to break and enter a building in the nighttime with intent to commit a felony (no. 93-0254-13); and conspiracy to commit unlawful damage to person or property by explosion (no. 93-0254-14). All were alleged under G. L. c. 274, § 7.

[3]Indictment nos. 93-0254-2, 93-0254-3, 93-0254-5, 93-0254-6, 93-0254-8, and 93-0254-9.

corresponding conspiracy indictments collaterally estopped the Commonwealth from proving the joint venture.

The ruling, in our view, was in error. There is a "fundamental distinction between a substantive offense and a conspiracy to commit that offence . . . . Each is a separate and distinct offence and each may be separately punished." *Commonwealth* v. *Stasiun*, 349 Mass. 38, 48 (1965). See also *Carrasquillo* v. *Commonwealth*, 422 Mass. 1014, 1015 (1996). The shared purpose of joint venturers in the commission of a substantive offense differs from the prior agreement to commit the offense that is the essence of a conspiracy. "Criminal culpability for a substantive offense on the theory of joint venture is based on elements distinct from those involved in proof of a conspiracy." *Commonwealth* v. *Benson*, 389 Mass. 473, 479, cert. denied, 464 U.S. 915 (1983). "The conspiracy charge require[s] proof of an agreement and the substantive charge [does] not." *Commonwealth* v. *Cannavo*, 16 Mass. App. Ct. 977, 978 (1983). Thus, typically, "acquittal of a substantive offense does not preclude subsequent prosecution of charges of conspiracy to commit that offense," *Commonwealth* v. *Royce*, 20 Mass. App. Ct. 221, 227 (1985); and, conversely, acquittal of the conspiracy does not preclude subsequent prosecution on a charge of the substantive offense that was the object of the alleged conspiracy. *Commonwealth* v. *Cannavo, supra.*

In *Commonwealth* v. *Cook*, 10 Mass. App. Ct. 668, 675 (1980), we said that "proof of the conspiracy typically involves circumstantial evidence aimed at establishing a consensus prior to the commission of the target offense." Conversely, in *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. 506, 512 (1987), we ruled that there was no "need to show, when joint venture is claimed, that the partners had an antecedent agreement to encompass the commission of the substantive crime." As a general rule, it may be said that the agreement that must be shown to prove a conspiracy is a meeting of the minds of the conspirators separate and distinct from and prior to the common intent that is implicit in the commission of the substantive crime. Thus, it has been said that, "[t]o warrant a conviction for conspiracy to violate a criminal statute, the evidence must disclose something further than participating in the offense which is the object of the conspiracy; there must be proof of the unlawful agreement,

either express or implied, and participation with knowledge of the agreement." *Dickerson* v. *United States,* 18 F.2d 887, 893 (8th Cir. 1927), quoted with approval in *Commonwealth* v. *Cook, supra* at 675. It is entirely possible, therefore, that the jury in the conspiracy trial may have been unpersuaded only that the perpetrators of the bombing attempt acted in accordance with an antecedent, agreed-upon plan. There are cases, such as *Sealfon* v. *United States,* 332 U.S. 575 (1948), where such concerted advance planning is necessarily implied in the substantive offense[4]; but this is not such a case. Compare *Commonwealth* v. *Shea,* 323 Mass. 406, 411 (1948) (conspiracy not implicit in joint entry into and theft of meat from a railroad freight car).

The party asserting collateral estoppel has the burden of showing that the jury in the first trial decided a particular question, so as to preclude its being retried to a second jury in the later action. *Commonwealth* v. *Benson,* 389 Mass. at 481. *Rossetti* v. *Chairman, Mass. Parole Bd.,* 891 F. Supp. 36, 44 (D. Mass. 1995), reversed in part on a different ground, 80 F.3d 1 (1st Cir. 1996). The general verdict that is normally rendered in a criminal case means that it is a "rare case where it is possible to determine with certainty what the jury in the earlier prosecution has decided." *United States* v. *Cioffi,* 487 F.2d 492, 498 (2d Cir. 1973), quoted with approval in *Commonwealth* v. *Benson,* 389 Mass. at 481. It is sometimes possible to determine that the jury's verdict necessarily implies one or more particular findings of fact, but such a determination requires a showing of the evidence adduced at the trial

---

[4]The *Sealfon* case arose under wartime rationing laws. Greenberg, Sealfon, and others were charged with conspiracy to defraud the United States government in its sugar-conservation program, by generating false invoices showing sales to exempt agencies. If Sealfon, a wholesaler of sugar products manufactured by Greenberg, sold those products to exempt agencies, Greenberg could obtain replacement sugar that he was not otherwise entitled to receive under the rationing laws. Alleging that Sealfon prepared false invoices showing such sales and that Greenberg presented them to the ration board to obtain replacement authorizations, the substantive indictments charged both as jointly liable in uttering false instruments. The conspiracy charges, tried first, resulted in a verdict of not guilty as to Sealfon. The acquittal, it was held, barred prosecution of the substantive charge against Sealfon, because he could only be found guilty if he gave the false documentation to Greenberg pursuant to an agreement to defraud the United States. This the first trial established he did not do. Cf. *Dowling* v. *United States,* 493 U.S. 342, 348-349 (1990).

and the instructions under which the jury arrived at its verdict. *Sealfon* v. *United States,* 332 U.S. at 579. *Commonwealth* v. *Benson,* 389 Mass. at 478. The defendant did not carry this burden. The record in this case contains no portion of the first trial proceedings beyond the prosecutor's opening statement. The defendant made no effort to show, either in the trial court or here, the evidence or the instructions on which the conspiracy charges were sent to the jury. *United States* v. *Perez-Perez,* 72 F.3d 224, 226-227 (1st Cir. 1995). There was thus no basis for a finding that the jury decided that the defendant did not participate in the attempted bombing.

*Order dismissing indictments
reversed.*