# RESCRIPT OPINIONS.

COMMONWEALTH vs. BRIAN D. COSTA. No. 99-P-942. June 10, 2002. *Conspiracy. Joint Enterprise. Evidence,* Conspiracy, Consciousness of guilt.

A District Court jury found the defendant guilty of conspiring to destroy property and the malicious destruction of property having a value of less than $250.[1] Although the judge imposed a suspended sentence of one year on the substantive offense, he placed the defendant on probation on the conspiracy conviction. As a special condition of that probation, the judge ordered the defendant to pay restitution in the amount of $5,000. On appeal, the defendant confines himself to the conspiracy conviction and argues that the judge erred in denying his motion for a required finding of not guilty and in requiring him to make restitution in an amount that exceeded the jury's finding on the substantive offense. Concluding that the Commonwealth failed to prove an essential element of the crime of conspiracy, an agreement, we reverse the judgment.

1. *The Commonwealth's evidence.* Throughout the night of June 23, 1997, the defendant and his friends, Richard Williams, Greg Barraloni (Williams's roommate), and Corey Mulansen, patronized various bars in the Fitchburg-Worcester area. As they were driving through Phillipston, they passed The Cycle Design, a motorcycle shop from which Barraloni had been ejected about two to three months earlier because of a dispute with "Doug," the owner. Upon seeing the shop, Barraloni cried out, "Let's get back at Doug," and ordered Williams, who was driving, to stop the car. Williams pulled over, and Barraloni got out of the car, saying words to the effect of "let's smash some windows." After Barraloni got out of the car, Williams started to drive away with the defendant and Mulansen, who had passed out from alcohol consumption. Williams drove about one hundred yards up the road, pulled over, and parked his car. He and the defendant then walked back to the shop. There they saw that the windows in the building had been smashed with rocks. While attempting to convince Barraloni to leave, Williams and the defendant threw rocks at the shop. Within minutes, the police arrived, and everyone fled. When the defendant was later arrested, he stated that he had thrown one or two rocks at, but not into, the building.

2. *Discussion.* "The elements of conspiracy are 'a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose . . . . [T]he unlawful agreement constitutes the gist of the offence . . . .' " *Commonwealth* v. *Benson,* 389 Mass. 473, 479, cert. denied, 464 U.S. 915 (1983), quoting from *Commonwealth* v. *Dyer,* 243 Mass. 472,

---

[1]The jury found the defendant not guilty on an additional count of the complaint, namely, maliciously breaking glass in a building.

483 (1922), cert. denied, 262 U.S. 751 (1923). See also *Commonwealth* v. *Fidler*, 23 Mass. App. Ct. 506, 513 (1987) ("[t]he essence of the crime of conspiracy is the agreement of the conspirators").

It is the Commonwealth's argument that the jury reasonably could infer an agreement from the evidence showing that the defendant heard Barraloni's statement, "Let's get back at Doug," that he returned to the shop after Williams parked the car, that he threw rocks at the building, and that he fled upon the arrival of the police. See *Commonwealth* v. *Stasiun*, 349 Mass. 38, 50 (1965) ("conspiracy may be, and usually is, proved by circumstantial evidence"); *Commonwealth* v. *Camerano*, 42 Mass. App. Ct. 363, 366 (1997) ("[d]irect evidence of a conspiracy . . . is rarely available and, typically, the government must rely on circumstantial evidence"). The defendant, on the other hand, argues that, even if that evidence, taken in the light most favorable to the Commonwealth, was sufficient to show his participation in a joint venture, it failed to establish that he had conspired maliciously to destroy property. See *Commonwealth* v. *Cook*, 10 Mass. App. Ct. 668, 673 (1980) ("[a]ccomplice and conspiratorial liability are not synonymous, and one can be an accomplice aiding in the commission of a substantive offense without necessarily conspiring to commit it"); *Commonwealth* v. *DeCillis*, 41 Mass. App. Ct. 312, 314 (1996) (the "agreement that must be shown to prove a conspiracy is a meeting of the minds of the conspirators separate and distinct from and prior to the common intent that is implicit in the commission of the substantive crime").

The circumstances of the commission of the substantive offense were not such that the jury reasonably could infer the existence of an agreement. Instead, they evince spontaneity rather than "planning and pursuit of a prearranged systematic course of action." *Commonwealth* v. *Cook*, 10 Mass. App. Ct. at 677 n.8. Nor can an agreement reasonably be inferred from the fact that the defendant walked back to the shop and joined Barraloni. That conduct does no more than "fit[] the classic paradigm of an accomplice adding encouragement to a crime in progress." *Id.* at 672. See also *Commonwealth* v. *DeCillis*, 41 Mass. App. Ct. at 314-315, quoting with approval *Dickerson* v. *United States*, 18 F.2d 887, 893 (8th Cir. 1927). Although the defendant's flight from the scene bespeaks a consciousness of guilt as a participant in the rock throwing, it adds nothing to the Commonwealth's case on the conspiracy complaint. In short, the Commonwealth asks that we conclude that an agreement could be inferred from the evidence of the defendant's participation in the commission of the substantive offense. On the circumstances presented, such a conclusion "would confuse certain settled aspects of the law of conspiracy and would tend unnecessarily to expand its already elastic and pervasive definition by 'blur[ring] the demarcation line between a conspiracy to commit an offense and the substantive offense which is the object of the conspiracy.' *Ramirez* v. *State*, 371 So. 2d 1063, 1066 (Fla. Dist. Ct. App. 1979)." *Commonwealth* v. *Cook*, 10 Mass. App. Ct. at 676-677.

The judgment on the third count of the complaint is reversed, the verdict is set aside, and judgment is to be entered for the defendant on that count.

*So ordered.*

*Joseph M. Kenneally* for the defendant.

*Sandra L. Hautanen*, Assistant District Attorney, for the Commonwealth.