COMMONWEALTH *vs.* MICHAEL D. ROSE. No. 13-P-347. December 24, 2013. *Controlled Substances. Conspiracy. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Duplicative convictions.

The defendant appeals from an order denying his motion seeking to vacate his conviction on a charge of conspiracy to violate drug laws, entered as part of a plea agreement, based on a claim that it is duplicative of his conviction on a charge of distribution of cocaine. We affirm the order, as the two charges are neither legally nor, on the recitation of facts supporting the guilty pleas in the present case, factually duplicative.

Duplicative convictions violate the double jeopardy clause of the Fifth Amendment to the United States Constitution. "The traditional rule in Massachusetts, as embodied in *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871) (*Morey*), and its progeny, is that 'a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not.' " *Commonwealth* v. *Vick*, 454 Mass. 418, 431 (2009), quoting from *Commonwealth* v. *Valliere*,

---

437 Mass. 366, 371 (2002). "It is well settled that, on its face, conspiracy is a separate and distinct crime from the substantive offense." *Commonwealth* v. *D'Amour*, 428 Mass. 725, 747 (1999). That is because "[t]he conspiracy charge require[s] proof of an agreement and the substantive charge [does] not," *Commonwealth* v. *DeCillis*, 41 Mass. App. Ct. 312, 314 (1996), quoting from *Commonwealth* v. *Cannavo*, 16 Mass. App. Ct. 977, 978 (1983), but the conspiracy charge does not require proof of completion of the substantive crime.

A conspiracy charge nonetheless may be duplicative of the substantive offense if, in the circumstances of a particular case, both are in actuality the same offense. See *Commonwealth* v. *D'Amour*, 428 Mass. at 747-749 ("entire crime of conspiracy is subsumed by the crime of accessory before the fact to murder on a hiring theory"). The defendant contends that the present case presents such circumstances, since (he asserts) the recitation of facts furnished by the Commonwealth in support of his guilty pleas described no agreement other than as implied by the defendant's participation in the sale of cocaine that was the basis for the distribution charge. In summary form, those facts include the following. On April 1, 2009, an informant working with the Berkshire County drug task force who had infiltrated the "Joe Davis narcotics distribution ring" contacted one Wisdom Ellerbee to request a purchase of cocaine. Ellerbee indicated that he had cocaine for sale and designated a place for the informant to meet him and complete the sale. The informant went to the designated location, and a vehicle arrived. Ellerbee was the driver of the vehicle, and the defendant was the front passenger. Ellerbee handed a bag of cocaine to the informant. After some discussion concerning the weight of the cocaine and its cost, the informant handed the bag to the defendant, whereupon the defendant removed some cocaine from the bag and handed it back to the informant. The informant then handed money to the defendant as payment for the cocaine. The transaction was recorded on audio and videotape, using a recording device worn by the informant.

According to the defendant, the present case resembles the circumstances in *Commonwealth* v. *Cook*, 10 Mass. App. Ct. 668 (1980), in which we concluded that the defendant could not be convicted of conspiracy solely on evidence tending to show his role as an accomplice in the commission of a sexual assault by his brother. As we observed in that case, "[w]hen a defendant is convicted of conspiring with others to commit a crime, the conviction stems from, and is designed to punish, the unlawful agreement which preexists commission of the substantive offense." *Id.* at 674-675. However, "the offense does not substitute for the agreement and the fact finder's analysis of the conspiracy evidence is logically directed at ascertaining whether an underlying agreement exists." *Id.* at 675. On the evidence in that case, "[t]he circumstances under which the victim and the Cooks met and socialized were not indicative of a preconceived plan between the defendant and his brother to commit a sexual assault." *Id.* at 671. Because the only evidence of an agreement was the defendant's role as an accomplice to the sexual assault itself, we held that the evidence was insufficient to support his conviction of conspiracy. *Id.* at 673-677.

In the present case, by contrast, the evidence recited at the plea hearing tends to imply the existence of an agreement between the defendant and Ellerbee, formed prior to the sale itself, to travel to the designated meeting place in order

to sell cocaine to the informant.[1] Indeed, the informant initially contacted Ellerbee, rather than the defendant, so that the defendant's presence at the sale naturally may be seen to have resulted from an agreement between the defendant and Ellerbee, formed no later than the defendant's decision to join Ellerbee in the vehicle as he departed to meet the informant after receiving the informant's request, for the purpose of participating jointly to complete the sale. That agreement, separate and apart from any agreement that might be implied by the defendant's participation in the completion of the sale itself, was sufficient to support the charge of conspiracy as distinct from the substantive offense.[2]

The order denying the defendant's motion to vacate his conviction on the charge of conspiracy is affirmed.

*So ordered.*

*Ian Stone* for the defendant.

*James F. Petersen*, Assistant District Attorney, for the Commonwealth.

---

[1] Of course, "[p]roof of a conspiracy may rest entirely or mainly on circumstantial evidence." *Commonwealth* v. *Cook*, *supra* at 671.

[2] Because the facts contained in the record allow us to dispose of the defendant's claim without further evidentiary inquiry, we need not consider or address the question left unanswered in *Commonwealth* v. *Negron*, 462 Mass. 102, 108 n.6 (2012): whether a defendant's failure to raise a double jeopardy claim at the time of his guilty plea relinquishes his right to challenge as duplicative two convictions that are not duplicative on their face.