NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-153

COMMONWEALTH

vs.

FRANCISCO SORRENTINO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial, the defendant, Francisco Sorrentino, was convicted of rape, in violation of G. L. c. 265, § 22 (b). On appeal, the defendant argues that the judge erred in the admission of first complaint testimony, which consisted of the victim's disclosure to her coworker that the defendant sexually assaulted her, and in the admission of portions of the victim's testimony that related to the defendant's prior acquittals. We affirm.

Background. On August 11, 2019, a grand jury indicted the defendant for rape, G. L. c. 265, § 22 (b), strangulation by placing his hands around the victim's throat, G. L. c. 265, § 15D (b), and assault and battery on a family or household

member by striking the victim's face, G. L. c. 265, § 13M. After a jury trial, the defendant was found not guilty of strangulation and assault and battery on a family or household member. The jury could not reach a verdict on the count of rape, and the judge declared a mistrial.

The same judge conducted the second jury trial. The defendant first sought to dismiss the rape indictment, arguing that the Commonwealth could not prove the force element of rape since he had been acquitted of strangulation and assault and battery. The defendant then moved to preclude the Commonwealth from introducing evidence of the acquitted offenses and the conduct relied on to support them, on collateral estoppel grounds. The judge denied the first motion but allowed the second in part, excluding any evidence of the "'open hand slap' that allegedly occurred in the kitchen" and excluding evidence of the strangulation "only to the extent that the defendant 'applied pressure' to the alleged victim's neck." At trial, the victim testified that before the defendant raped her, he pulled her hair, threw her on the bed, and put his hands on her neck.[1] On September 28, 2021, the jury found the defendant guilty of rape.

---

[1] The defendant objected to this testimony and requested a limiting instruction. The judge denied the request.

2

Discussion.  1.  First complaint doctrine.  The defendant argues that it was prejudicial error for the judge to admit the testimony of the victim's coworker who was the person the victim first told of the sexual assault.  Because this was the first time the victim told another person that she was sexually assaulted, the testimony was admissible under the "first complaint doctrine."  See Commonwealth v. King, 445 Mass. 217, 244 (2005), cert. denied, 546 U.S. 1216 (2006).  Under this doctrine, a victim of a sexual assault and the first person the victim told of the sexual assault may testify to the circumstances of the victim's first disclosure as part of the Commonwealth's case-in-chief.  See Id. at 242-245.  Such circumstances include "the events or conversations that culminated in the complaint; the timing of the complaint; and other relevant conditions that might help a jury assess the veracity of the complainant's allegations or assess the specific defense theories as to why the complainant is making a false allegation."  Id. at 246.

The defendant argues that the first complaint doctrine, as applied to him, violated his due process rights.  He asks us, in effect, to overrule the Supreme Judicial Court's decision in

3

King.[2]  The substance of the defendant's argument is that

"significant changes in public attitude" since King have

rendered the first complaint doctrine obsolete.  The defendant

contends that the societal shifts of the "#MeToo" movement and

"fourth-wave" feminism have affected evidentiary rulings and

juror decision-making such that jurors now believe victims as a

matter of course.  Absent from the defendant's argument,

however, is "any authority for this court's power to overrule a

decision of the Supreme Judicial Court or to decline to follow

the holding of that court's opinions."  Commonwealth v. Dube, 59

Mass. App. Ct. 476, 485 (2003).  "[F]rom the very earliest

decisions we issued and continuing to this day, we have

uniformly and unequivocally held we have no power to alter,

overrule or decline to follow the holding of cases the Supreme

Judicial Court has decided."[3]  Id.

---

[2] The defendant did not seek direct appellate review.  See Mass. R. A. P. 11, as appearing in 481 Mass. 1620 (2019).

[3] Even if our review were not constrained by Supreme Judicial Court precedent, we would not be inclined to grant the defendant the relief he seeks.  In support of his claim, the defendant cites to a Louisiana Law Review article that merely raises the question he claims it answers.  Further, the defendant concedes that "scholars have not yet come to a consensus" on the issue.  The other three sources he cites in support of his argument -- that "[v]ictims are more likely to report sex crimes" and "are more likely to identify unwanted sexual encounters as sexual assault" because of these movements -- are also unpersuasive.  By no stretch of the imagination do

4

2. Admissibility of victim's testimony. Next, the defendant argues that the judge erred in allowing the victim to testify about the defendant's violent behavior prior to the rape because that testimony was barred by the doctrine of collateral estoppel. We review for an abuse of discretion. See Commonwealth v. Spencer, 465 Mass. 32, 48 (2013).

Collateral estoppel requires three elements: "(1) a common factual issue; (2) a prior determination of that issue in litigation between the same parties; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar." Commonwealth v. Lopez, 383 Mass. 497, 499 (1981). "The doctrine of collateral estoppel will preclude . . . the introduction or argument of certain facts, only if the jury could not have based their verdict rationally on an issue other than the one the defendant seeks to foreclose" (citation omitted). Commonwealth v. Dorazio, 472 Mass. 535, 544 (2015).

The defendant claims that the facts testified to by the victim regarding the defendant placing his hands on her neck were already determined in his favor during the first trial. To the contrary, the jury in the defendant's first trial returned two general not guilty verdicts, which could have rationally

---

these materials provide sufficient support for the assertion that the first complaint doctrine is no longer necessary.

5

resulted from other issues of fact.  See Commonwealth v. Benson, 389 Mass. 473, 481 (1983), quoting Commonwealth v. Cerveny, 387 Mass. 280, 285 (1982) ("A finding of not guilty at a criminal trial can result from any number of factors having nothing to do with the defendant's actual guilt").

The charge of strangulation requires that "the defendant (1) intentionally (2) interfered with the normal breathing or circulation of blood of the victim; and (3) applied substantial pressure on the throat or neck of the victim." Commonwealth v. Lahens, 100 Mass. App. Ct. 310, 315 (2021), citing G. L. c. 265, § 15D (a).  Here, the sum of the disputed testimony was that the defendant placed his hands on the neck of the victim, which is not negated by an acquittal on the charge of strangulation. There are a variety of reasons why the jury could have concluded that the Commonwealth failed to meet its burden of proof as it relates to the charge of strangulation.  For example, the jury could have believed that the defendant placed his hands on the victim's neck but disbelieved that he applied substantial pressure to the victim's neck or that he interfered with the victim's normal breathing or blood circulation.

Because the defendant has not shown that there was a prior determination on the specific factual issue of whether the defendant placed his hands on the victim's neck, the

Commonwealth was not estopped from introducing those facts to prove the required element of force in the rape charge.[4]  The trial judge's admission of the evidence was not in error.

Judgment affirmed.

By the Court (Desmond, Shin &
  Walsh, JJ.[5]),

*Paul Little*

Clerk

Entered:  December 10, 2025.

---

[4] To the extent that the defendant argues that any evidence of other assaultive behavior should have been excluded, we note that the conduct that formed the basis of the assault and battery charge -- the "'open hand slap' that allegedly occurred in the kitchen" -- was excluded by the motion judge and was not introduced at the subsequent trial.

[5] The panelists are listed in order of seniority.