COMMONWEALTH vs. WILLIAM LOPEZ.

Suffolk.  March 20, 1980. — July 25, 1980.

Present: GREANEY, PERRETTA, & DEBREN, JJ.

*Practice Criminal,* Collateral estoppel.

Acquittals of a defendant in a District Court on charges of illegal posses-
sion of a firearm, possession of a firearm with the serial number re-
moved while committing a felony, and discharging a firearm within
city limits did not preclude conviction of the defendant on an indict-
ment charging assault with intent to murder while armed with a dan-
gerous weapon, which arose out of the same incident as the District
Court charges, where the acquittals were based upon the failure of the
Commonwealth to offer the gun in evidence and the judge's erroneous
assumption of law that the Commonwealth was required to produce
the gun, rather than on a factual finding that the defendant did not
possess and discharge the firearm.  [353-354]

INDICTMENT found and returned in the Superior Court
Department on September 22, 1978.

The case was tried before *Sahady,* J., a District Court
judge sitting under statutory authority.

*William C. Madden* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the
Commonwealth.

PERRETTA, J.  The defendant appeals from his convictions
of assault with intent to murder while armed with a danger-
ous weapon, G. L. c. 265, § 18, and assault by means of a
dangerous weapon, G. L. c. 265, § 15B.  As the latter in-
dictment was placed on file with the defendant's consent,
we consider only the conviction for assault with intent to
murder while armed with a dangerous weapon.  *Common-
wealth* v. *Locke,* 338 Mass. 682, 684 (1959).  *Common-
wealth* v. *Subilosky,* 352 Mass. 153, 165 (1967).  *Common-
wealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975).  The de-

fendant argues that his acquittals in a District Court on charges of illegal possession of a firearm, G. L. c. 269, § 10(*a*), possession of a firearm with the serial number removed while committing a felony, G. L. c. 269, § 11C, and discharging a firearm within city limits in violation of a city ordinance, c. 11, § 274, of the Ordinances of the City of Boston (1975), precluded the assault conviction. We affirm the judgment.

All the offenses with which the defendant was charged in the District and Superior Courts arose out of a single incident involving the defendant's possession and use of a firearm during a limited period of time.[1] Compare and contrast *Kuklis* v. *Commonwealth,* 361 Mass. 302 (1972), with *Commonwealth* v. *Scala,* 380 Mass. 500 (1980). The defendant argues that the District Court acquittals were based on a factual determination that he did not possess and discharge the firearm and that, therefore, the Commonwealth was collaterally estopped from relitigating these facts which were essential to his conviction for assault with intent to murder. In *Ashe* v. *Swenson,* 397 U.S. 436 (1970), the Supreme Court of the United States held that the protections afforded by the double jeopardy clause encompass the doctrine of collateral estoppel. The Court determined that once an issue of ultimate fact necessary to conviction has been decided in the defendant's favor in a valid and final judgment, the same issue cannot be relitigated between the same parties. To evaluate a collateral estoppel claim that relies on a prior general verdict, or on a decision of a judge sitting without a jury, we must determine whether a rational trier of fact could have based a decision on any ground other than the one the defendant seeks to foreclose. It is the defendant's burden to establish that the issue of fact that the prosecution seeks to relitigate was necessarily resolved in his favor in the prior trial. *Id.* at 443-445. *Com-*

---

[1] The possession and discharge offenses are not lesser included offenses of the assault charge. See *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-307 (1972). See also *Waker* v. *United States,* 344 F.2d 795 (1st Cir. 1965).

*monwealth* v. *Shagoury,* 6 Mass. App. Ct. 584, 589 (1978), cert. denied, 440 U.S. 962 (1979).

At the Superior Court hearing on his motion to dismiss the assault indictments, the defendant introduced the District Court complaints and the tape cassette of the hearing on the complaints. We have listened to the tape, and we recite the pertinent portions of the testimony given in the District Court. On the night of July 7, 1978, Detective LaFontaine and his partner were on patrol when they saw the defendant, whom they knew to be the subject of an outstanding warrant. The defendant recognized the officers and ran toward a vacant lot. LaFontaine chased him on foot while his partner followed in their car. As LaFontaine was running, he saw the defendant turn and "a big ball of fire" came from his hand. LaFontaine fired four shots from his service revolver and continued to chase the defendant. The defendant ran out to the street where he collided with an oncoming car and was unable to continue his flight. LaFontaine caught up to him, placed him under arrest, and retrieved a .25 caliber pistol from the street in the immediate vicinity of the defendant's arrest. He observed that the serial number had been erased from the gun. LaFontaine was the only person to testify in the District Court, and the defendant did not produce a license to carry the firearm. See *Commonwealth* v. *Jones,* 372 Mass. 403 (1977).

The District Court proceedings terminated with the judge finding the defendant "not guilty" on the possession and discharge complaints but finding probable cause to bind over the defendant to the grand jury on the assault charges. The factual issue common to all the charges was whether the defendant possessed the .25 caliber pistol. There is no question that the acquittals on the possession and discharge complaints were final determinations which cannot be disturbed for any reason without violating the double jeopardy clause. *Fong Foo* v. *United States,* 369 U.S. 141 (1962). *Sanabria* v. *United States,* 437 U.S. 54 (1978). Although we cannot disturb these judgments of acquittal, *Ashe* requires that we look behind them to ascertain whether they are

based upon a factual determination which would preclude prosecution of the defendant on the assault charges.

After careful review of the District Court proceedings we conclude that the defendant has not met his burden of establishing that the District Court judge found that he did not possess or discharge the gun. To the contrary, it appears that the acquittals were based upon the judge's erroneous assumption of law that the Commonwealth was required to produce the gun and offer it in evidence in order to prove the charges. After Officer LaFontaine testified that the defendant had shot at him and that he had observed that the serial number had been erased from the gun, the prosecutor advised the judge that the weapon was en route to the courthouse from a ballistics laboratory and would arrive shortly. The judge stated that the gun was "a necessary element" of the offenses and that he viewed the need for the firearm as a "substantive" and not "procedural" element. The clerk then read off, in the presence of the judge, the not guilty findings and the findings of probable cause. We conclude that the defendant has not demonstrated that there was a factual finding by the judge that he did not possess and discharge the firearm. In the absence of this showing, the defendant cannot invoke collateral estoppel principles. See *United States* v. *Perry,* 504 F.2d 180, 181 (D.C. Cir. 1974); *United States* v. *King,* 563 F.2d 559, 561 (2d Cir. 1977), cert. denied, 435 U.S. 918 (1978); *United States* v. *Fayer,* 573 F.2d 741, 745 (2d Cir.), cert. denied, 439 U.S. 831 (1978).

In light of this conclusion and the recent holding in the *Scala* decision, 380 Mass. at 506-508, it is unnecessary to review the defendant's claim to collateral estoppel protections through the due process clause.

*Judgment affirmed.*