## COMMONWEALTH vs. WILLIAM LOPEZ.

Suffolk.  January 5, 1981. — May 4, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal,* Collateral estoppel.

A defendant's acquittal in a District Court on complaints charging him with unlawful possession of a firearm, possession of a firearm, the serial number of which had been removed, while in the commission of a felony, and discharge of a firearm within the city limits without permission did not preclude on the ground of collateral estoppel a subsequent trial of an indictment, arising out of the same incident, charging him with assault with intent to murder while armed with a dangerous weapon. [498-500]

INDICTMENT found and returned in the Superior Court Department on September 22, 1978.

The case was tried before *Sahady,* J., a District Court judge sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*William C. Madden* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J.  We granted further appellate review to determine if the defendant's conviction of assault with intent to murder while armed with a dangerous weapon, G. L. c. 265, § 18, is precluded by principles of collateral estoppel.[1]  See *Ashe* v. *Swenson,* 397 U.S. 436 (1970).  The Appeals Court affirmed the conviction, *Commonwealth* v. *Lopez,* 10 Mass. App. Ct. 351 (1980), and the defendant sought further appellate review.  We affirm.

---

[1] We need consider only the conviction for armed assault with intent to murder because the conviction for assault by means of a dangerous weapon, G. L. c. 265, § 15B, was placed on file with the defendant's consent.  See *Commonwealth* v. *Delgado,* 367 Mass. 432, 438 (1975); *Commonwealth* v. *Subilosky,* 352 Mass. 153, 165 (1967).

The charges against Lopez arose out of a single incident that took place when two police officers attempted to arrest him. After one of the officers, Detective LaFontaine, swore out complaints against Lopez, the District Court held a proceeding on the complaints, at which LaFontaine was the only witness. We summarize his testimony. On the night of July 7, 1978, LaFontaine and his partner saw the defendant, whom they knew to be the subject of an outstanding warrant. The defendant recognized the officers and fled. LaFontaine chased on foot while his partner followed in their car. As LaFontaine was running, he saw the defendant turn, and saw "a big ball of fire" coming from Lopez's hand. LaFontaine fired four shots from his service revolver, none of which hit the defendant, and continued to chase him. Lopez ran out to the street where he collided with an oncoming taxi. LaFontaine then arrested him and retrieved a .25 caliber pistol lying in the street. LaFontaine observed that the serial number had been erased from the gun.

At the District Court five complaints were issued against the defendant: (1) assault with intent to murder while armed with a dangerous weapon; (2) unlawful possession of a firearm; (3) possession of a firearm, the serial number of which had been removed, while in the commission of a felony; (4) discharge of a firearm within the city limits without permission; and (5) assault and battery by means of a dangerous weapon. The District Court judge found probable cause on complaints 1 and 5, and found the defendant not guilty on complaints 2, 3, and 4. After indictments were returned on complaints 1 and 5, a jury convicted the defendant of those charges.

Lopez claims that the Superior Court judge erred in denying his motion to dismiss the indictment for armed assault with intent to murder and his motion for directed verdict. He bases his claim on the ground that the doctrine of collateral estoppel precluded his conviction after he had been found not guilty on complaints charging unlawful possession of a gun and unlawful discharge of a firearm. Lopez argues, correctly, that the Fifth Amendment protection against double jeopardy, applicable to the States through

the Fourteenth Amendment to the United States Constitution, guarantees that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970). See *Commonwealth* v. *Scala*, 380 Mass. 500, 503 (1980).

*Ashe* stands for the proposition that a defendant cannot be tried by the same sovereign for an offense the conviction of which would require the readjudication of a factual issue which previously has been determined in his or her favor. *Copening* v. *United States*, 353 A.2d 305, 309 (D.C. App. 1976). Therefore, the fundamental requirement for application of the doctrine of collateral estoppel is the ability to conclude what the fact finder necessarily must have determined at the earlier trial. Where a question of collateral estoppel is raised, *Ashe* requires the Court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Ashe* v. *Swenson*, *supra* at 444, quoting from Mayers & Yarbrough, *Bis Vexari*: New Trials and Successive Prosecutions, 74 Harv. L. Rev. 1, 38-39 (1960). See *Sealfon* v. *United States*, 332 U.S. 575, 579 (1948).

Thus, collateral estoppel requires the concurrence of three circumstances: (1) a common factual issue; (2) a prior determination of that issue in litigation between the same parties; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar. *Copening* v. *United States, supra.* The burden of showing these circumstances is always on the person raising the bar. *United States* v. *King*, 563 F.2d 559, 561 (2d Cir. 1977), cert. denied, 435 U.S. 918 (1978). *United States* v. *Cala*, 521 F.2d 605, 608 (2d Cir. 1975).

In this case, the complaints on which the judge found the defendant "not guilty" required proof of additional facts distinct from those needed to prove the two felony charges. To convict on the complaint charging possession of a fire-

arm with the serial number removed, while committing a felony, the judge would have to find that the serial number had been removed from the weapon; on the complaint charging unlawful possession of a dangerous weapon, the judge would have to find that Lopez did not have the required license for the weapon; and on the complaint charging discharge of a firearm without permission within the limits of the city of Boston, the judge would have to find that Lopez discharged the gun, and did so without permission.

These collateral facts were not required to be proved to convict Lopez of assault with a dangerous weapon with intent to murder. To support that conviction, it is necessary to prove beyond a reasonable doubt that the defendant committed an assault, that he was armed with a dangerous weapon, and that he had the specific intent of murdering the victim in assaulting him. However, the weapon need not have been used, and a battery need not have been committed. *Salemme* v. *Commonwealth*, 370 Mass. 421, 424 (1976). Cf. *Commonwealth* v. *Jones*, 382 Mass. 387, 392-396 (1981). The defendant has not shown that any of these factual issues were determined in his favor by the District Court judge and therefore, the felony prosecution was not barred by the doctrine of collateral estoppel.[2]

*Judgment affirmed.*

---

[2] The defendant claims error in the judge's granting of the Commonwealth's motion in limine, which prevented the introduction in evidence of any information relating to the complaints which were tried in the District Court. The defendant did not brief this issue before the Appeals Court. However, we need not decide whether his argument should have been raised initially in the Appeals Court since we find no error. The purpose of a motion in limine is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence, *Redding* v. *Ferguson*, 501 S.W.2d 717, 722 (Tex. Civ. App. 1973), and in granting such a motion, a judge has discretion similar to that which he has when deciding whether to admit or exclude evidence, *Burrus* v. *Silhavy*, 155 Ind. App. 558, 560 (1973). See *Commonwealth* v. *Lucas*, 332 Mass. 594, 600 (1955) (in determining whether allegedly confusing or prejudicial evidence was properly excluded, "much must be left to the discretion" of the trial judge). Here, where introducing evidence about the District Court judge's determinations may well have confused the jurors, there was no error in granting the motion in limine.