LAWRENCE G. BELL *vs.* MARTIN K. STEPHENS & another[1].

Worcester. October 3, 1988. — December 6, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Collateral Estoppel. Commonwealth*, Duty to prevent harm, Liability for tort.

In a civil action in which a defendant moved to dismiss the complaint on the ground that the plaintiff was precluded from relitigating issues decided against the plaintiff in a prior criminal prosecution, the judge erred in granting the motion without having examined the record of the prior trial to establish what was actually litigated and necessarily determined. [466-467]

In a civil action, a defendant's motion for summary judgment was incorrectly granted where there were no facts in the record demonstrating that the defendant did not owe a duty to the plaintiff or that the defendant had not been negligent. [467]

CIVIL ACTION commenced in the Superior Court Department on June 30, 1983.

The case was heard by *James P. Donohue*, J., on a motion to dismiss and a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Conrad W. Fisher* for the plaintiff.

*Timothy M. Burke* for Martin K. Stephens.

*Francis G. Chase,* Assistant Attorney General, for the Commonwealth.

WILKINS, J. In 1982, the plaintiff was found guilty of assault and battery with intent to murder the defendant Stephens, a Massachusetts State trooper. The plaintiff was also found guilty of assault and battery on the trooper by means of a dangerous weapon and of carrying a firearm without authority. The crimes

---

[1] The Commonwealth.

were committed during a July, 1980, "shoot out" between the plaintiff and the trooper on Route 495 in Chelmsford. The plaintiff was wounded in the course of the incident and has brought this action against the trooper and the Commonwealth, alleging various theories of liability in his complaint. A judge in the Superior Court entered judgments for the defendants on their pretrial motions. We transferred the plaintiff's appeals here, and now vacate those judgments.

1. The State trooper moved to dismiss the complaint on the ground that facts determined in the plaintiff's criminal trial could not properly be relitigated in this proceeding and that those facts are dispositive of the plaintiff's claims against the trooper. The judge allowed the trooper's motion on the basis of the plaintiff's criminal convictions, records of which were before the judge. The motion to dismiss was, therefore, treated as a motion for summary judgment under Mass. R. Civ. P. 56, 365 Mass. 824 (1974). Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974).

The burden was on the defendant trooper to establish that circumstances existed justifying issue preclusion. *Commonwealth* v. *Lopez*, 383 Mass. 497, 499 (1981). *Commonwealth* v. *Coleman*, 20 Mass. App. Ct. 541, 547 (1985), *S.C.*, 397 Mass. 1001 (1986). The record before the motion judge in this action failed to show that the plaintiff was seeking solely to relitigate "issues decided against the criminal defendant in the criminal prosecution." *Aetna Casualty & Sur. Co.* v. *Niziolek*, 395 Mass. 737, 743 (1985). The complaint itself did not demonstrate a basis for issue preclusion, and, in such an instance, the motion judge must examine the record of the prior trial to decide what issues of fact were actually litigated and necessarily determined. See *Commonwealth* v. *Lopez, supra* at 499; *Kauffman* v. *Moss*, 420 F.2d 1270, 1274 (3d Cir.), cert. denied, 400 U.S. 846 (1970); *Basista* v. *Weir*, 340 F.2d 74, 82 (3d Cir. 1965). The judge did not do so, and the trooper did not give him an opportunity to do so. The entry of judgment for the State trooper was, therefore, error. We express no opinion, one way or the other, as to whether the record of the plaintiff's criminal trial could demonstrate that all the plaintiff's claims in

this case against the State trooper are precluded by the facts determined in the plaintiff's criminal trial.

2. The plaintiff now argues his case against the Commonwealth solely on the theory expressed in count VI of his complaint, that the Commonwealth was negligent in hiring Trooper Stephens and in training him.[2] The summary judgment record compelled the conclusion that the trooper's allegedly wrongful acts against the plaintiff were intentional. That record, however, did not show that employees of the Commonwealth had not been negligent in hiring the trooper and in training him. Nor, alternatively, did the record show that no employee of the Commonwealth owed a duty to the plaintiff in the hiring and training of the trooper. See *A.L.* v. *Commonwealth*, 402 Mass. 234, 239 (1988). Although we are doubtful that the plaintiff can present facts tending to prove negligence and a breach of a duty owed to him, there are no facts in the record bearing on those issues. Summary judgment for the Commonwealth, therefore, was not warranted.

3. It may be that, on the presentation of additional record support, summary judgment for the defendants will be entirely appropriate. The judgments for the defendants are vacated, and the case is remanded to the Superior Court.

*So ordered.*

---

[2] At oral argument the plaintiff made his position clear on this point. He grants that the Commonwealth cannot be liable for the trooper's alleged intentional torts (see G. L. c. 258, § 10 [*c*] [1986 ed.]), and he disavows any further reliance on his claims against the Commonwealth under 42 U.S.C. § 1983 (1982) and under the Massachusetts Civil Rights Act (G. L. c. 12, §§ 11H and 11I [1986 ed.]).