Cratsley, J.
Introduction
Defendants move to dismiss plaintiffs action for repayment of certain loans on grounds of res judicata and collateral estoppel.
For the following reasons defendants’ motion to dismiss is converted to a motion for summary judgment. Summary Judgment is granted for defendants after consideration of plaintiffs opposition to defendants’ motion to dismiss.
Background
Material facts were obtained from documents filed in this case suitable for motions for summary judgment.
Amerpole International, Inc. (“Amerpole”) is a corporation organized under the laws of New Hampshire and registered to do business in Massachusetts with its principal place of business in Suffolk County. (Verified Complaint par. 2 at 1 dated March 3, 1997). Mr. Alfred Landano (“Landano ”) was the sole director, president, treasurer, clerk, registered agent and the sole shareholder of Amerpole. (See. 1997 Annual Report, Defendants’ Exhibit 3.)
Defendant Air Freight Forwarding Company, Inc. (“Air Freight") is a Rhode Island Corporation registered to do business in Massachusetts with its principal place of business in Suffolk County (Verified Complaint par. 3 at 1, 2).
In November 1996 an arbitration hearing took place between Landano and Forman at the American Arbitration Association with former Supreme Judicial Court Chief Justice Hennessey presiding. (Frank Zerunyan Aff. par. 9 at 2.) Former Chief Justice Hennessey’s decision was rendered on January 28, 1997. He rejected Landano’s claims that any rent was owed and that Amerpole was entitled to any money. He dismissed the claims brought by Landano “with prejudice.” Mr. Forman was awarded $278,613. The award was “in full settlement of all claims and/or counterclaims submitted” to the arbitration. (Award of Arbitrator pars. 2, 4) (Zerunyan Aff. pars. 10, 11 at 2, 3).
On February 26, 1997 Mr. Landano filed a Complaint to Vacate and Modify the Arbitrator’s Award in Landano v. Forman, Suffolk Superior Court, Civil Action No. 97-1019B. Landano argued that the arbitrator exceeded his power by dismissing claims that were not submitted to him. (See Complaint to Vacate and/or Modify Arbitrator’s Award at par. 14.) The Complaint states that ”[i]n the arbitration proceeding, Landano attempted to assert claims on behalf of related entities [Amerpole and the Landano Bros. Trust] who were not parties to the Arbitration Agreement.. . Insofar as the arbitrator’s award purports to resolve those claims, the award exceeds the power of the arbitrator.” (See Complaint pars. 15, 16 at 3.)
After a hearing the Court (J. White) rejected Landano’s arguments that the arbitrator exceeded his authority and that the arbitrator’s award was ambiguous. A judgment dated August 22, 1997 was entered in the Suffolk Superior Court confirming the arbitrator’s award. (Superior Court Notice of Docket Entry #SUCV97-01019B, Landano v. Forman.)
On March 3, 1997 Landano filed a Complaint on behalf of Amerpole in this action and on behalf of the Landano Brothers Trust in a parallel action. The relief sought from defendants Air Freight and Sanford was that the court reach and apply Air Freight’s interest in its cause of action against Forman to the alleged debt owed by Air Freight to Amerpole and that the court enter judgment against Forman in the amount allegedly owed. (Complaint pars. 1, 2 at 5, 6 dated March 3, 1997, Amerpole v. Air Freight and Sanford Forman.)
In their Answers defendants Air Freight and Sanford contend that the arbitration award rendered January 28, 1997 precludes plaintiff from bringing this claim under the principles of res judicata and collateral estoppel.
DISCUSSION
I. Motion for Summary Judgment Standard
Mass.R.Civ.P. 12(b) provides, in part, that a motion to dismiss a complaint under Mass.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted shall be treated as a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. See Watros v. Greater Lynch Mental Health & Retardation Association, 421 Mass. 106, 109 (1995). “The category of ‘matters outside the pleading’ is broad, but even when construed broadly, such matters must provide some relevant, factual information to the court.” Stop & Shop Cos., Inc. v. Fisher, 387 Mass. 889, 892 (1983).
The court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that the moving party is entitled to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Mass.R.Civ.P. 56(c). The burden is on the moving party to show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Flesner v. Technical Communications Corp., 410 Mass. 805, 808-09 (1991) (citations omitted). “This burden need not be met by affirmative evidence negating an essential element of the plaintiffs case, but may be satisfied by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Id., citing Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party *439 opposing the motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
In the present case consideration of matters outside the pleadings precludes defendants’ motion to dismiss. Instead the motion is treated as a motion for summary judgment. See Mass.R.Civ.P. 12(b).
II. Issue Preclusion
"Issue preclusion, which is at times referred to as collateral estoppel or under the general heading of res judicata, [footnote omitted] bars relitigation of any factual or legal issue that was actually decided in previous litigation whether on the same or a different claim.” Boston Scientific Corp. and Scimed Life Systems, Inc. v. Advanced Cardiovascular Systems, Inc. and Schneider (Europe) AF, and Schneider (USA), Inc., (U.S. Dist. Court of Mass., C.A. No 95-12715-DPW, Oct. 23, 1997). See Grella v. Salem Five Cent Savs. Bank, 42 F.3d 26, 30 (1st Cir. 1994).
“Five essential elements must be established for a successful application of issue preclusion: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; (4) the determination of the issue must have been essential to the judgment; and (5) the party to the second action must be the same as or in privity with the parties in the first action. See NLRB v. Donna-Lee Sportswear Co., 836 F.2d 31, 34 (1st Cir. 1987); .... In addition, the parties in the first action must have had a ‘full and fair opportunity’ to litigate the issue. See, e.g., DeCosta v. Viacom Int’l, Inc. 981 F.2d 602, 605 (1st Cir. 1992), cert. denied, 509 U.S. 923 (1993) ..." Boston Scientific Corp. and Scimed Life Systems, Inc., supra at 22, 23.
Collateral estoppel applies where there is concurrence of three circumstances; a common factual issue, a prior determination of that issue in litigation between the same parties, and a showing that the determination was in favor of the party seeking to raise the estoppel bar. See Commonwealth v. Lopez, 383 Mass. 497, 499 (1981). “The purpose of the doctrine is to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments.” Martin v. Ring, 401 Mass. 59, 61 (1987).
In the present case, the issue of whether Landano and Amerpole are two separate entities must be addressed. Mr. Landano is the president, treasurer, clerk, resident agent and director of Amerpole. He appears to be the sole shareholder of 1,000 shares of the corporation. (See Defendants’ Exhibit 3.) Further, Mr. Landano described Amerpole as a “Landano controlled entity” in his submissions to arbitration. (See Defendants’ Exhibit 1, Tab A at 3.) Landano cannot circumvent the outcome of the arbitration award by now asserting that he and Amerpole are separate entities.
Case law in Massachusetts provides that “[t]he limits of tolerance are exceeded if corporate form is used to inflict gross inequity, injury, or fraud.” Horizon House-Microwave, Inc. v. Bazzy; Bazzy, 21 Mass.App.Ct. 190, 198 (1985). “[CJorporations are generally to be regarded as separate from each other and from their respective stockholders [citation omitted] ... where there is no occasion ‘to look beyond the corporate form for the purpose of defeating fraud or wrong, or for the remedying of injuries.’ [Citation omitted] [footnote omitted]. The general principle is not of unlimited application. A corporation or other person controlling a corporation and directing, or participating actively in [citation omitted] its operations may become subject to civil or criminal liability on principles of agency or of causation. [Citations omitted.] This may sometimes occur where corporations are formed, or availed of, to carry out the objectives and purposes of the corporations or persons controlling them.” My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968).
In the present case Mr. Landano availed himself of the corporate entity “Amerpole" to carry out the objective of submitting claims to the Superior Court in the name of Amerpole that had previously been submitted to arbitration under his own name. His attempts to circumvent the arbitration award are transparent and are legally precluded under the doctrine of res judicata.
III. Res Judicata
“[T]he doctrine of res judicata disfavors claim splitting and bars subsequent actions on the same claim. In this context, ‘claim’ is defined broadly. ‘When a valid and final judgment rendered in an action extinguishes the plaintiffs claim, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.’ ” Chestnut Hill Development Corporation v. Otis Elevator Company, 739 F.Sup. 692, 700 (D.Mass. 1990), quoting Restatement (Second) of Judgments Sec. 24.
“Under the doctrine of res judicata, where a claim has been split, a final judgment on part of the claim will not bar the other parts of the claim if ‘[t]he parties have agreed in terms or in effect that the plaintiff may split its claim, or the defendant has acquiesced therein . . .’ ” Chestnut Hill Development Corporation v. Otis Elevator Company, 739 F.Sup., supra at 701 quoting Restatement (Second) of Judgments Sec. 26(1)(a). Further, ‘‘[t]he failure of the defendant to object to the splitting of the plaintiffs claims is effective as an acquiescence in the splitting of the claim.” Chestnut Hitt Development Corporation v. Otis Elevator Com *440 pany, 739 F.Sup., supra at 701 quoting Restatement (Second) of Judgments Sec. 26, comment a.
In the present case Mr. Landano submitted a “Statement of Position” in the arbitration proceeding which says that “the issues ... to be presented at and determined in the forthcoming arbitration” include the validity of a claim against Air Freight in the amount of $181,604.55 for debts owed Amerpole. (See Defendants’ Exhibit 1, Tab A at 3.) The arbitration award settled this claim and all other claims presented to it in full. (See Arbitration Award par. 7 at 2.)
A. Doctrine of “Virtual Representation”
A “person who is not a party to an action but who is represented by a party is bound by and entitled to the benefits of the rules of res judicata as though he were a party, ...” Boyd v. Jamaica Plain Cooperative Bank, 7 Mass.App.Ct. 153, 159 (1979).
“The First Circuit has stated that ‘[t]here is no black-letter rule. In the end, virtual representation is best understood as an equitable theory rather than as a crisp rule with sharp corners and clear factual predicates, such that a party’s status as a virtual representative of a nonpaxty must be determined on a case-by-case basis.’ ” Boston Scientific Corp. and Scimed Life Systems, Inc., supra at 28 quoting Gonzalez v. Banco Central Corp., 11 F.3d 751, 761 (1st Cir. 1994).
In the present case Mr. Landano took steps during the arbitration proceedings to collect on personal loan debts allegedly owed to Amerpole. At the time of the arbitration hearing Mr. Landano was under a fiduciary duly to Amerpole, since Landano was Amerpole’s sole director, president, treasurer, clerk, and registered agent, to object if Amerpole’s rights were being violated. Further, Amerpole’s attorney, Jeffrey Phillips, who also represented Landano at the arbitration hearing, would have objected if Amerpole’s interests had been threatened by Landano’s collection of the loan debts for himself.
Instead Mr. Landano only objected to his own prior conduct after the adverse outcome of the arbitration proceeding. After the arbitration decision proved adverse to Mr. Landano he now attempts to treat Amer-pole as if it is an independent entity in order to resubmit claims that have already been arbitrated. In the role of president, sole director, treasurer, clerk, and registered agent of Amerpole Mr. Landano served as a virtual representative of Amerpole at the arbitration hearing.
B. Privity
“(AJlthough there are clearly constitutional limits on the ‘privity’ exception, the term ‘privity’ is now used to describe various relationships between litigants that would not have come within the traditional definition of that term.” Richards v. Jefferson Cty., 116 S.Ct. 1761, 1766 (1996), quoted in Boston Scientific Corp. and Scimed Life Systems, Inc., supra at 26.
Privily has been found (1) where the nonparty substantially controlled the previous litigation; (2) where the nonparty is a successor-in-interest to a prior party, or (3) under the doctrine of “virtual representation.” Boston Scientific Corp. and Scimed Life Systems Inc., supra at 27. “(V]irtual representation will not serve to bar a nonparty’s claim unless the non-party has had actual or constructive notice of the earlier litigation, and the balance of equities tips in favor of preclusion.” Boston Scientific Corp. and Scimed Life Systems, Inc., supra at 28 quoting Gonzalez, 11 F.3d at 761. Virtual representation is a “label used to identify a situation where the previous party is sufficiently identified with [the new party] to represent the legal rights of [the new party], [citation omitted] whether the identification arises from a relationship between the parties, [citation omitted] or from actual participation and control of the litigation by one not a party, [citation omitted].” Boyd v. Jamaica Plain Cooperative Bank, 1 Mass.App.Ct. 153, 158 n.9 (1979).
In the present case Mr. Landano has a fiduciary relationship with Amerpole since he is the sole director, president, treasurer, clerk, and registered agent of Amerpole. For all these reasons, Mr. Landano is in privity with Amerpole. He and Amerpole are one and the same entity.
IV. Doctrine of Judicial Estoppel
The doctrine of judicial estoppel or “preclusion of inconsistent positions” “precludes a party from asserting a position in one legal proceeding which is contrary to a position it has already asserted in another.” Patriot Cinemas, Inc. v. General Cinema Corp, 834 F.2d 208, 212 (1st Cir. 1987).
"Judicial estoppel should be employed when a litigant is ‘playing fast and loose with the courts,’ and when ‘intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.’ ” Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987).
In the present case Landano submitted a claim to the arbitrator for debts he argued that Air Freight owed to Amerpole. After the arbitrator handed down a decision that was adverse to Mr. Landano, he contends that he could not properly, in the first instance, bring the claim before the arbitrator and that only Amerpole could properly bring the claim. Based on this reasoning Landano asserts that the claim was not validly before the arbitrator.
Mr. Landano’s attempt to repackage his claim under the Amerpole name is also disallowed based on the doctrine of judicial estoppel.
ORDER
For the foregoing reasons it is hereby ORDERED that defendants’ Motion to Dismiss is treated as a Motion for Summary Judgment which motion is hereby ALLOWED.