Welsh, J.
Plaintiffs insurer brings this action as subrogee after having paid the homeowner’s claim for water damage to his home due to a leak in a hot water heater manufactured by the defendant. The plaintiff set forth counts for negligence, breach of express and implied warranties and a violation of G.L.c. 93A
The trial judge found for the plaintiff on all counts, awarding double damages on the c. 93A count with an attorney’s fee. The defendant appeals, assigning as error the judge’s denial of its motions in limine to either dismiss the action or to exclude evidence of the plaintiff’s expert witness as to causation on the grounds of spoliation. The defendant also claims that the judge erred in awarding multiple damages under c. 93A, contending that there was no evidence of a knowing or intentional violation of that statute. It is further contended that the judge erred in failing to confine counsel fees to work done solely on the c. 93A count. We reverse.
On July 2,1998, a hot water heater manufactured by the defendant ruptured, causing water to leak and inundate the insured’s property. The hot water heater was under a five-year express warranty at the time. The insurance company paid the homeowner $10,742.81 (the amount of the loss less a $250 deductible) and commenced this action as subrogee against the manufacturer of the hot water heater. Prior to the filing of the complaint, a firm engaged by the plaintiff conducted testing on the hot water heater for the purpose of determining whether the rupture causing the leak was due to a manufacturing defect or some other cause. This testing involved the removal of the water heater jacket, pressure testing and cutting an area approximately 10 inches by 10 inches from the tank at the location of the dent and examining microscopically the interior glass liner of the vessel. The plaintiff’s expert concluded and testified at trial that the rupture was caused by a manufacturing defect solely attributable to the defendant and excluding any other cause. This testing was done without the knowledge and consent of the defendant or defendants counsel. The testing occurred before the action was commenced. The removal of the portion of the tank in the area of the dent and the testing effectively prevented the defendant from conducting tests on the water heater, thus depriving the defendant’s expert from collecting data for analysis to determine independently whether the conclusion proffered by plaintiff’s expert was correct or whether in fact the analysis was flawed so as to undermine the experts conclusion that the defect was one for which the defendant was responsible.
Defendant sought a pre-trial ruling by way of a motion in limine, seeking to exclude the test results and conclusion as to causation offered by plaintiff’s expert *94 witness. The trial judge decided to defer acting on the motion and proceeded to trial. At the close of the plaintiffs evidence, defendant reasserted that the principles of spoliation should be applied so as to preclude the plaintiffs expert witness’s testimony. The motion for required finding (presumably a motion for involuntary dismissal under Rule 41(b) (2), [see Brown v. Gerstein, 17 Mass. App. Ct. 558, 559 (1984)]) was denied and a finding entered for the plaintiff. The damages were then doubled and, following a post trial assessment of counsel fees, attorney fees were awarded and included in an amended judgment.
1. The principles of spoliation of evidence were explicated in Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197-198 (1989):
... [I]n a civil case, where an expert has removed an item of physical evidence and the item has disappeared, or the expert has caused a change in the substance or appearance of such an item in such circumstances that the expert knows or reasonably should know the item in its original form may be material to litigation, the judge, at the request of a potentially prejudiced litigant, should preclude the expert from testifying as to his or her observation of such items before he or she altered them and as to any opinion based thereon. This rule should be applied without regard for whether the expert's conduct occurred before or after the expert was retained by a party to the litigation. The reason for the rule is the unfair prejudice that may result from allowing an expert deliberately or negligently to put himself or herself in the position of being the only expert with first-hand knowledge of the physical evidence on which expert opinions as to defects and causation may be grounded. As a matter of sound policy, an expert should not be permitted to intentionally or negligently destroy or dispose of such evidence, and then to substitute his or her own description of it
The Natty case delineates the procedure to be followed by a judge in dealing with issues of spoliation. A hearing is required in advance of a ruling on the admissibility of such evidence to determine the preliminary questions of fact regarding the admissibility of testimony of an expert who might be responsible for such spoliation. The judge is mandated to make preliminary findings to determine whether and to what extent the tainted evidence should be excluded. Id. at 198-199. Since the correctness of the judge’s ruling demands, on appellate review, an analysis of these preliminary findings of fact forming the basis for the admission of such evidence, and since this record does not reflect the required preliminary findings of fact, the order denying the motion in limine and the judgment for the plaintiff, which is based on the plaintiff’s expert, must be vacated.
We are constrained to conclude that the award of double damages under c. 93A must also be vacated. There was no evidence in the record that the breach of warranty was a knowing or intentional one. The defendant1 s refusal to tender relief without an opportunity for a proper investigation of the circumstances surrounding the claim and indeed to ascertain whether it was liable at all does not warrant the multiplication of damages. ‘While it is not a defense to a 93A claim that the defendant’s conduct was negligent rather than intentional, negligence does not give rise to a multiple damage claim....” Linthicum v. Archambault, 379 Mass. 381, 388 (1979). A breach of express or implied warranty constitutes a violation of c. 93A. Maillet v. ATF-Davidson Co., 407 Mass. 185, 193 (1990). While the standard of review is often expressed in terms of “abuse of discretion,” in the present case it is not particularly helpful to use the usual formulation of “abuse of discretion,” i.e. whether the judge’s action was arbitrary, capricious or whimsical, or, as stated in Bartley v. Phillips, 317 Mass. 35, 43 (1944), a judicial act that no conscientious judge, acting intelligently, could honestly have taken. See Davis v. Boston Elevated Railway, 235 Mass. 482, 502 (1920). Properly speaking, judicial discretion involves making a choice among a *95 range of permissible options or competing alternative courses of action. The proper exercise of judicial discretion requires something more than abstention from arbitrary determination, capricious disposition or whimsical thinking. Lonergan-Gillen v. Gillen, 57 Mass. App. Ct. 746, 747-749 (2003). Here, the obligation to conduct a hearing on the spoliation issue prior to admitting such evidence necessarily precedes the exercise of judicial discretion. See Nally, supra at 198-199.
3. Finally, there is no merit in the defendant’s contention that an award of counsel fees needs to be restricted to legal services attributed solely to the c. 93A count. The core of operative facts upon which the c. 93A claim and the breach of warranty and negligence theories espoused in the other counts are identical. Such an allocation would be difficult as a practical matter, if not impossible.
Inasmuch as a remand is in order to determine anew the issue of spoliation raised in the motion in limine, it might be helpful to set forth some of the recognized factors in resolving the issue. In Farrell v. Connetti Trailer Sales, Inc., 727 A.2d 183 (R.I. 1999), five factors are cited: (1) Whether and to what degree was the party opposing such expert testimony prejudiced; (2) Whether the prejudice can be cured; (3) The practical importance of such evidence; (4) Whether the despoiler’s action was inadvertent, as opposed to negligent or in bad faith; and (5) The potential for abuse if the evidence is not excluded. Id. at 187.
The judgment is vacated and the case remanded for a new trial or other proceedings consistent with this opinion.
So ordered.