Welch, J.
The defendant, driving one car, and another individual, driving another automobile were arrested for involvement in Lawrence for an alleged drug transaction. The prosecution decided to proceed against this defendant in superior court. The other individual faced similar drug charges in the district court. Both defendants moved to suppress the evidence seized in the investigation. The district court judge found no probable cause and allowed the motion as to the district court defendant. Defendant Stephens was not as fortunate. This superior court judge, after an evidentiary hearing, denied the motion to suppress reasoning that there existed an abundance of probable cause. Obviously, the two judicial decisions are in conflict. Because the Commonwealth did not appeal the adverse district court decision, the district court prosecution was dismissed. Now the issue of the extent of collateral estoppel in the criminal context arises.
The defendant, Elvin Stephens (“defendant”), was charged with distribution of a class B substance in violation of G.L.c. 94c, §32A(b),[1] unlawful possession of a controlled substance in violation of G.L.c. 94c, §34, and conspiracy to violate controlled substances laws in violation of G.L.c. 94c, §40. The defendant now moves this court, pursuant to Rule 9D of the Rules of the Superior Court, to reconsider its ruling denying the defendant’s Motion to Suppress evidence and statements. For the reasons set forth below, the defendant’s Motion to Reconsider is denied.
I. BACKGROUND
On May 23, 2003, the defendant and Jay Oberman (“Oberman”), the other defendant, were arraigned in the Lawrence District Court. On August 27, 2003, the defendant was indicted by an Essex County Grand Jury and his case was removed to the Salem Superior Court while Oberman’s case remained in the District Court. Subsequently, both defendants filed Motions to Suppress Evidence. On February 12, 2004, Oberman’s motion was heard and allowed in the Lawrence District Court. A hearing was held on this defendant’s Motion to Suppress on February 26,2004. At that time neither the prosecutor nor defense counsel were aware of the district court’s ruling in the Oberman case. On March 3, 2004, this court issued a written decision that denied the defendant’s Motion to Suppress. The defendant presses on his Motion for Reconsideration alleging that the doctrine of collateral estoppel should prevent the Commonwealth from challenging the defendant’s Motion to Suppress in the Superior Court when Oberman’s motion was allowed based on the same facts.
II. DISCUSSION
The doctrine of collateral estoppel originated in the area of civil litigation and has become relevant to the criminal context as part of the Fifth Amendment protection against double jeopardy, applicable to the states through the Fourteenth Amendment to the United States Constitution. See Ashe v. Swenson, 397 U.S. 436, 443-46 (1970); Commonwealth v. Allain, 36 Mass.App.Ct. 595, 597 (1994); Commonwealth v. Scala, 380 Mass. 500, 503-05 (1980). Collateral estoppel establishes the principle that, . when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” Ashe 397 U.S. at 443.
Recurring issues among the courts arising out of the doctrine of collateral estoppel often involved the question of who may actually benefit from the doctrine. See generally Parklane Hosiery Co. v. Shore, 99 S.Ct. 645 (1979) (establishing that nonmutual collateral estoppel is allowed in certain federal cases). In the civil context, it was traditionally held that a parly, who was not a party to an earlier final judgment, could not be bound by that earlier judgment and subsequently use that judgment to bind his opponent who actually was a party to the earlier judgment. Id. at 649. But times have changed. In the civil context, most courts no longer adhere to the principles of mutuality among the parties. Id. at 650. For example, nonmutual collateral estoppel is applicable when an issue decided upon a final judgment in favor of one party is subsequently applied for the benefit of that party against a different party. Id. at 650-52.
However, Massachusetts courts hold that in the criminal context, nonmutual collateral estoppel is not applicable. See generally Commonwealth v. Cerveny, 387 Mass. 280 (1982). Therefore mutuality of the parties must exist in the criminal context. See Cerveny, 387 Mass. at 284; Commonwealth v. Benson, 389 Mass. 473, 478 n.6 (1983); Commonwealth v. Royce, 20 Mass.App.Ct. 221, 228 n.5 (1985) (holding no mutuality existed among Commonwealth and defendant when defendant sought to use collateral estoppel to preclude litigation because of co-defendant’s acquittal); Commonwealth v. Tilley, 327 Mass. 540, 548 (1951) (explaining defendants not bound by judgments in criminal cases to which are not a party and stating only the Commonwealth and party defendant are bound). For example, the Cerveny court explained that, “if an issue has previously been decided favorably to defendant A, it can hardly be said that the subsequent litigation of that issue in the trial of defendant B places B twice in jeopardy for the same offense.” 387 Mass. at 294; See also Standefer v. United States, 447 *418 U.S. 10 (1980) (holding nonmutual collateral estoppel not applicable to criminal cases). In Cerveny, the Supreme Judicial Court, addressed for the first time the issue of whether the acquittal of a co-conspirator precludes the subsequent conviction of the other conspirator/defendant in a separate trial. 387 Mass. at 281. The Cerveny court held that the prior determination of the co-conspirator’s innocence did not preclude the Commonwealth from prosecuting the defendant based on the same facts and issues. Id. at 286. The Supreme Judicial Court reasoned that,.".. the public interest in securing just and accurate results in the criminal law leads us to conclude that the possibility of inconsistent verdicts should not bar the relitigation of an issue previously decided in favor of another defendant." Id.
In addition to the requirement of mutuality among the parties explained above, Massachusetts courts also require additional factors to be present before holding that a prior final judgment has any preclusive effect. See Commonwealth v. Lopez, 383 Mass. 497, 499 (1981); Commonwealth v. Benson, 389 Mass. 473 n.6 (1983). Therefore, Massachusetts courts hold that in order to protect a criminal defendant against government attempts to later litigate an issue already decided in a prior litigation between the parties, collateral estoppel may be applicable when the following are present: “1) a common factual issue; 2) a prior determination of that issue in litigation between the same parties; and 3) a showing that the determination was in favor of the party seeking to raise the bar.” See Lopez, 383 Mass. at 499 [emphasis supplied].
In the present case, the defendant asserts that collateral estoppel is applicable because both actions involve identical facts, there was a final judgment, and the Commonwealth was a party to the prior judgment on Oberman’s Motion to Suppress. The Court does not agree. Although both cases involve the same set of facts, the defendant himself was not a party to Oberman’s case; therefore mutuality does not exist among the parties. Put simply, the Commonwealth was a party to Oberman’s case but defendant Stephens was not. Even though both cases arise out of the same set of facts, there are actually two separate actions involving slightly different charges. The defendant was the sole defendant in the Superior Court case that charged the more serious crime of a second subsequent drug offense in addition to the possession with intent to distribute charge. The parties properly bound by Oberman’s Motion to Suppress are the Commonwealth and Oberman. Therefore, like the defendant in Cerveny, who could not use collateral estoppel against the Commonwealth based on the prior determination of his co-conspirator’s innocence even though both cases involved the same facts, the defendant in the present case also cannot preclude the Commonwealth from challenging his Motion to Suppress based on the decision of Oberman’s motion in the District Court. The use of nonmutual collateral estoppel is not applicable in this criminal context where the defendant was not a party to Oberman’s case. This defendant, therefore, cannot properly preclude the Commonwealth’s challenge to his Motion to Suppress where he was not placed in jeopardy based on the Oberman decision. See generally Commonwealth v. Lopez, 383 Mass. 497 (1981); Commonwealth v. Cerveny, 387 Mass. 280 (1982).
III. ORDER
For the foregoing reasons, it is therefore ordered that the defendant’s Motion to Reconsider be DENIED.

The defendant was charged with having committed a second, subsequent drug offense under paragraph (b) of section 32A. The defendant in the district court action (Oberman) was not charged with this more serious offense. The difference in the charges apparently explains why Oberman was prosecuted at the district court level and Stephens was prosecuted in the superior court.