CRAIG CONKEY *vs.* COMMONWEALTH. November 24, 2008. *Supreme Judicial Court,* Superintendence of inferior courts. *Collateral Estoppel. Larceny. Robbery. Armed Assault in a Dwelling. Homicide.*

Craig Conkey appeals from a judgment of the county court denying his petition for relief under G. L. c. 211, § 3. We affirm.

After a jury trial in the Superior Court, Conkey was convicted of murder in the first degree (based on deliberate premeditation and felony-murder), armed assault in a dwelling, and armed burglary, and acquitted of armed robbery.[1] We reversed the convictions and ordered a new trial on the ground that some evidence concerning a potential third-party perpetrator was improperly excluded. *Commonwealth* v. *Conkey,* 443 Mass. 60 (2004). On remand, Conkey moved to dismiss the surviving indictments on collateral estoppel and double jeopardy grounds.[2] A judge in the Superior Court denied the motion.

[1]This was Conkey's second trial on those charges. He had been convicted of all four offenses after his first trial, and we reversed the convictions. *Commonwealth* v. *Conkey,* 430 Mass. 139 (1999).

[2]The Commonwealth states that Conkey's claim would be more appropriately labeled direct estoppel because he seeks to preclude further proceedings on the same indictments. See *Commonwealth* v. *Rodriguez,* 443 Mass. 707, 710 (2005). In the circumstances of this case, the distinction between direct and collateral estoppel is of no moment.

Conkey then filed his G. L. c. 211, § 3, petition seeking relief from that denial.

Relief pursuant to G. L. c. 211, § 3, is extraordinary. We will not disturb the single justice's denial of relief absent an abuse of discretion or other clear error of law. See, e.g., *Matthews* v. *Appeals Court*, 444 Mass. 1007, 1008 (2005). Conkey "must 'demonstrate both a substantial claim of violation of [his] substantive rights and error that cannot be remedied under the ordinary review process.' "[3] *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995), quoting *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 706 (1990).

Conkey argues that the denial of his motion to dismiss violates his substantive rights because his acquittal of armed robbery precludes retrial on the surviving indictments. The applicable principles are well established: "[A] defendant cannot be tried by the same sovereign for an offense the conviction of which would require the readjudication of a factual issue which previously has been determined in his or her favor. . . . [C]ollateral estoppel requires the concurrence of three circumstances: (1) a common factual issue; (2) a prior determination of that issue in litigation between the same parties; and (3) a showing that the determination was in favor of the party seeking to raise the estoppel bar." *Commonwealth* v. *Lopez*, 383 Mass. 497, 499 (1981).

As to armed burglary and armed assault in a dwelling, Conkey argues that because (1) a specific intent to commit a felony is an element of both these offenses, see G. L. c. 266, § 14 (armed burglary), G. L. c. 265, § 18A (armed assault in a dwelling); (2) according to the Commonwealth's theory in this case, the intended felony underlying both these charges was larceny; and (3) larceny is an element of armed robbery, the acquittal of armed robbery determined that there had been no larceny, barring retrial on the other charges. That reasoning is incorrect. It is impossible to determine whether the jury were unconvinced of the larceny element or of some other element of the offense of armed robbery. For example, the jury could have been convinced that the victim's property was taken from her, but not that the property was taken from her person or her immediate control or that the taking was accomplished by actual or constructive force. The Commonwealth, in its brief, also posits other reasonable bases for the jury's verdict on the armed robbery charge. These latter elements distinguish robbery from larceny. *Commonwealth* v. *Jones*, 362 Mass. 83, 86-87 (1972). In short, Conkey has not shown that the factual issue whether he committed a larceny was determined in his favor. Cf. *Commonwealth* v. *Lopez, supra* at 499-500 (finding of not guilty on firearms charges did not preclude conviction of armed assault with intent to murder, where firearms convictions would have required proof of additional facts not required for armed assault conviction). More fundamentally, the actual *commission* of the intended felony is not an element of either armed burglary or armed assault in a dwelling. These offenses are complete when the defendant, with felonious *intent*, commits the requisite underlying acts (to wit, breaking into a dwelling at night while armed or committing an assault in a dwelling

[3]The denial of Conkey's motion to dismiss was an interlocutory ruling. On appeal from the single justice's denial of relief, Conkey was therefore obligated to comply with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). He failed to do so. "This by itself is a reason not to disturb the single justice's judgment." *Picciotto* v. *Superior Court Dep't of the Trial Court*, 437 Mass. 1019, 1020 n.5 (2002), quoting *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001 n.2, cert. denied, 525 U.S. 1003 (1998).

while armed). Accordingly, the acquittal of armed robbery does not preclude retrial on the charges of armed burglary and armed assault in a dwelling.

The acquittal of armed robbery also does not preclude retrial on any theory of murder in the first degree. At Conkey's second trial, the jury were instructed that a conviction of felony-murder could be based on armed robbery, armed burglary, or armed assault in a dwelling, and in fact, the verdict was based on the latter two. As discussed above, those charges remain viable. There is thus no basis to dismiss so much of the indictment as alleges felony-murder.[4] As to the other theories of murder in the first degree, the acquittal of armed robbery does not establish that Conkey did not commit an assault. Accordingly, the acquittal does not bar retrial for murder in the first degree on the theories of extreme atrocity or cruelty and deliberate premeditation.[5,6] The single justice did not abuse his discretion or commit a clear error of law in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*Bernard Grossberg* (*Victoria Kelleher* with him) for the plaintiff.

*Loretta M. Lillios*, Assistant District Attorney, for the Commonwealth.

---

[4]The Commonwealth acknowledges that, in Conkey's third trial, it may not rely on armed robbery as the predicate felony.

[5]Conkey also asserts in his brief that no evidence of premeditation was presented at either of his trials. His argument on this point consists of two sentences lacking any citation to authority or to the record. This does not constitute adequate appellate argument. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975).

[6]The verdict slip included a separate line for each of the three theories. The jury marked the lines for deliberate premeditation and felony-murder with an "X." As to extreme atrocity or cruelty, the jury left the line blank. Conkey does not suggest that this operates as an acquittal as to that theory. See *Commonwealth* v. *Carlino*, 449 Mass. 71, 77-80 (2007).

