Coven, J.
A jury returned a verdict against the defendant in the amount of $69,100.00, which, when prejudgment interest and costs had been assessed, resulted in a judgment total of $90,260.80. The defendant has appealed, claiming that the trial judge’s refusal to hear a motion in limine concerning business records infringed on its constitutional right to due process and resulted in an unfair trial.
Defendant sold its services to companies that sought help in reducing telephone expenses. Plaintiff, as both an employee and later as an agent of the defendant, sold service contracts. Plaintiff claimed, and the jury believed, that he was due commissions on those contracts. In support of his claim for damages, documents were introduced reflecting compensation the defendant had received from its customers from which the plaintiff was to have received a commission. It is these documents that the defendant in a motion in limine sought to exclude.
There is no question that a motion in limine is a proper means of challenging the foundational requirements for the admissibility of business records. A motion in lim-ine is intended “to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence.” Boston v. Board of Educ., 392 Mass. 788, 796 (1984), quoting Commonwealth v. Lopez, 383 Mass. 497, 500 n.2 (1981). While a motion in limine may be a preferred course, we have not found any case holding that it is a constitutionally required course, the absence of which deprives a litigant of the right to a fair trial. Our review is whether the judge abused his discretion. Avolizi v. Bradford White Corp., 2003 Mass. App. Div. 93, 94-95.
Defendant’s counsel asserts that he was informed by a clerk that the trial judge had a practice of not hearing or allowing for the filing of motions in limine. There is no basis in the record for this assertion.
The context in which the issue of motions in limine first arose was after the jury had been seated and just prior to plaintiff’s counsel’s opening. At that time, plaintiff’s counsel alerted the trial judge that there were motions in limine. Counsel did not call attention to the nature of the motions. The trial judge, without knowing what the motions entailed, as they had not been filed, instructed plaintiff’s counsel to begin with an opening statement. There was no objection by the defendant. At the conclusion of the opening statements, plaintiff’s counsel again made mention of motions in limine. Added to this context was counsel’s statement that the “keeper-of-the-records people” were in the court, perhaps thereby calling attention to the subject of the motions. Counsel was instructed, however, to proceed with the first witness. Again, the defendant did not object.
*10 No abuse of discretion has been demonstrated. The motions had not been filed before trial or even before jury empanelment. A jury was seated and present. The issue had arisen moments before the judge, and presumably the jury, anticipated that opening argument would proceed. The party that raised the issue was not the one that sought the exclusion of the documents. And the defendant, which sought their exclusion, did not object.
When the issue of the introduction of the business records arose during trial, the parties were brought to sidebar. Within moments, it became apparent to the judge that a prolonged discussion of the admissibility of the records would occur, and the judge excused the jury for a recess. The defendant raised generally the business records exception to the hearsay rule. Counsel for the defendant alerted the court that “[tjhere’s a statute” governing the admissibility of the records and objected to the plaintiff calling the several keepers of the records to introduce them.
Business records are admissible as hearsay pursuant to G.L.c. 233, §§78 and 79J. “Under the business records exception to the hearsay rule, a document is admissible as a business record if the judge finds that it was (1) made in good faith; (2) made in the regular course of business; (3) made before the action began; and (4) the regular course of business to make the record at or about the time of the transaction or occurrences recorded.” Beal Bank, SSB v. Eurich, 444 Mass. 813, 815 (2005).
Defendant’s counsel made no specific objection to the trial judge as to what element he thought was missing that would preclude introduction of the evidence. Rather, the context suggests that counsel was hopeful that the trial judge would exclude the several keepers of the records from testifying because of a claim that he had no prior notice that the plaintiff intended to call them to introduce the documents. Apparently, the judge rejected defendant’s counsel position, and the judge took a recess. The trial resumed, and after the plaintiff testified, but before resting, plaintiff’s counsel informed the court that she would not call any additional witnesses unless the keepers of the records would need to testily. There was a recess, and thereafter, the court informed the jury that the parties had stipulated to the admissibility of the records at issue.
On this record, we see no abuse of discretion. The defendant stipulated to the admissibility of the records. We do not view the record to suggest that the stipulation came about because defendant’s counsel thought it futile to object to the introduction of the records on substantive grounds on any of the foundational requirements. Rather, the stipulation came about because the judge indicated that the keepers of the records, who were present, would be allowed to testify and the records sought to be excluded, based only on the absence of a qualified person to introduce them, would come in through these witnesses. The stipulation of counsel was an accommodation to the court and the triers of fact. It was not the product of futility.
Notwithstanding the defendant’s assent to the admission of the business records, the defendant suggests that the numerous objections and sidebars, when combined with the denial of the trial judge to hear the motion in limine, prejudiced the defendant. We discern no prejudice. Our review of the identified portions of the transcript shows that objections were raised as to the form of a question, i.e., argumentative, ambiguous, asked and answered, or were not made in the presence of the jury. One sidebar dealt with the business records and another involved discussion of court *11 tíme. An objection was made during closing arguments, but it was dealt with by the trial judge properly. The trial judge struck the comment made by plaintiffs counsel regarding the failure of the defendant to provide certain documents to the plaintiff. The conduct of the trial was nothing out of the ordinary.
Judgment affirmed.
So ordered.