Following a jury trial in the District Court, the defendant, Irina Belenkova, was convicted of operating a motor vehicle while under the influence of intoxicating liquor. On appeal, she claims that the judge abused her discretion in allowing the police witness to use certain words during his testimony regarding field sobriety tests, that the judge erred when she allowed the Commonwealth to impeach the defendant with a prior inconsistent statement, and that her trial counsel was ineffective. We affirm.
Facts. On June 13, 2015 at approximately 1:40 A.M. , Newton police Officer Justin Lau observed a motor vehicle pull up and stop in the middle lane of Centre Street. After a short time, Lau, using both hand signals and verbal commands, attempted to direct the defendant to drive through the intersection.
After some difficulty, the defendant drove through the intersection as directed by Lau. Based on this interaction, however, Lau became concerned about the defendant and pulled her over a few feet past the intersection. When she rolled down her window, he immediately noticed an odor of alcohol. He also noted that the defendant had slurred speech and her eyes were "glossed over." He then asked the defendant to step out of the car and perform field sobriety tests (FSTs), which the defendant agreed to do.
Prior to conducting the FSTs, Lau asked the defendant if she had any medical issues that would prevent her from performing the FSTs. The defendant said she did not. Lau also asked the defendant if she would like to remove her high heel shoes before attempting the FSTs, which she did. Lau then asked the defendant to perform the nine-step walk and turn, the one-legged stand, and an alphabet test.[2] Lau determined that the defendant failed all three tests, formed the opinion that she was intoxicated, and placed her under arrest.
Discussion. 1. Field sobriety tests. The defendant claims that the judge erred in allowing Lau to use words such as "pass," "fail," and "clue" during his testimony regarding the FSTs. Her contention that this is prejudicial terminology as it "imbue[s] the entire battery of tests with an unwarranted veneer of scientific certainty" is unavailing. We review to determine whether the judge abused her discretion. See Commonwealth v. Lopez, 383 Mass. 497, 500 n.2 (1981) ("The purpose of a motion in limine is to prevent irrelevant, inadmissible or prejudicial matters from being admitted in evidence, ... and in granting such a motion, a judge has discretion similar to that which he has when deciding whether to admit or exclude evidence").
"[O]nce a person gives consent to take a [field sobriety] test, [her] physical actions in performing the test are not testimonial and may be the subject of testimony at trial." Commonwealth v. Brown, 83 Mass. App. Ct. 772, 778 (2013). Moreover, "[t]he testimony of a police officer about the results of ordinary field sobriety tests ... is lay witness testimony, not expert witness testimony." Id. at 774 n.1. See Commonwealth v. Sands, 424 Mass. 184, 188 (1997) ("A lay juror understands that intoxication leads to diminished balance, coordination, and mental acuity from common experience and knowledge"). Furthermore, the Supreme Judicial Court acknowledged that "the 'walk and turn test' and the 'one leg stand test' ... were developed specifically to measure alcohol consumption, and there is widespread scientific agreement on the existence of a strong correlation between unsatisfactory performance and blood alcohol level of at least .08%." Commonwealth v. Gerhardt, 477 Mass. 775, 776 (2017). On this record, and in the absence of findings based on expert testimony discrediting the validity of FSTs to detect impairment based on alcohol consumption, Lau's use of the words "clue," "fail," and "pass" to describe the defendant's performance in the walk-and-turn test and the one-legged stand test was not error. Cf. id. at 787 ("Police officers may not testify to the administration and results of FSTs [in operating while under the influence of marijuana prosecutions] as they do in operating while under the influence of alcohol prosecutions").
2. Prior inconsistent statement. The defendant next claims that the judge improperly allowed the Commonwealth to cross-examine the defendant with a statement she made to a police officer during a prior arrest. During both direct examination and cross-examination, the defendant asserted that she did not drink alcohol and had stopped drinking two years prior. In response, the Commonwealth asked the defendant about a statement she had made on January 17, 2014, to a Brookline police officer where she admitted to having "one drink earlier in the evening." The defendant claims this was evidence of a prior bad act that allowed the jury to believe that the defendant had a propensity for driving while intoxicated. We disagree. "It is a well-established rule of evidence that, when a witness testifies at trial to a fact that is relevant to an issue at trial, then the adverse party may seek to impeach the credibility of that witness by showing that the latter previously had made statements which are inconsistent with the testimony given at trial." Commonwealth v. Gil, 393 Mass. 204, 219 (1984). Here, the defendant opened the door to the admission of a prior inconsistent statement when she claimed that she had not consumed alcohol for at least two years prior to the date of trial, and the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. See Commonwealth v. Jones, 464 Mass. 16, 20 (2012). Cf. Commonwealth v. Roderick, 429 Mass. 271, 275, (1999) ("But when the defendant answered untruthfully that he had never carried a gun, he opened the door to admission of the evidence of his prior conviction for gun possession. A defendant has no right to commit perjury, regardless of the prosecutor's question").
3. Ineffective assistance of counsel. Finally, the defendant claims that her trial counsel was ineffective for failing to introduce her medical records. She contends that the records would have bolstered her testimony that she was unable to perform the FSTs. She raises this claim in its "weakest form," having failed to file a motion for new trial. Commonwealth v. Diaz, 448 Mass. 286, 289 (2007). Here, the records reveal that the defendant suffered from foot and back pain; however, they also indicate that she "does exercise quite a bit," "[s]he is able to ambulate without assistance," and that she has a full range of motion, sensation, strength, and stability in her feet. As such, we cannot say that counsel was patently ineffective or manifestly unreasonable in failing to introduce these records. See generally Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Judgment affirmed.

Lau read the instructions to the defendant from a card and demonstrated all but the alphabet test.